Parker, J.
The record in this case states that the jury were sworn to try the issue joined ; yet there was no plea entered, nor issue made up, in the cause. The judgment must be reversed for this error, and the cause remanded for a new trial. Sydnor v. Burke & ux. 4 Rand. 161.
As, if a plea is entered hereafter by the defendant, the plaintiff may amend his declaration, and rely alone on the deceit in the sale, without stating what the court below considered to be the substantial averment of a warranty which he was bound to prove, it is unnecessary to decide whether, under his declaration in its present form, he was bound to do more than prove the sale of the horse for a sound price, with a knowledge on the part of the vendor that he was unsound.
Tucker, P.
The question raised by the bill of exceptions in this case is rendered unimportant, by a fatal error in the proceedings anteriour to the motion to instruct the jury. The office judgment which had been rendered at the rules was never set aside, and the cause stood upon a writ of enquiry of damages. Yet the jury were sworn to try the issue joined, when in truth there was no issue. This was erroneous. Sydnor v. Burke & ux. 4 Rand. 161. The defendant, by failing to plead, admitted the plaintiff’s right of action. It could no longer be questioned. The only matter remaining to be ascertained was the quantum of damages ; and had the jury been sworn to enquire of damages only, the court must at once have perceived that no question could be raised as to the plaintiff’s right of action. He had a right to some damages, however small, and to his costs also. But by the irregular course of the cause, the defendant, upon the trial of a supposed issue which never existed, is let into a defence which he had waived, and that defence being sustained by the court, judgment is rendered against the plaintiff for his false cla *424 mour, and for costs, while there is in the record ajudgment in the office in his favour against the defendant, which has never been set aside and is now in full force, The judgment must be reversed, and the cause sent back for the purpose of having the writ of enquiry properly executed. The defendant may then, if he desires, set aside the office judgment; and upon his motion to do so, the plaintiff, if he wishes it, will be entitled to leave to amend his declaration, by adding a count, or otherwise.
Brockenbrough, J. concurred. Judgment reversed.