Anderson, J.,
delivered the opinion of the court.
This was an action of assumpsit by the plaintiff in error, who was plaintiff below, against Rush Burgess, collector of internal revenue, in which there was judgment by default for the amount of his account, with interest, as claimed by the plaintiff. The judgment was not upon a writ of inquiry, but for the amount of the account without proof, under § 44 of chap. 167 of the Code of 1873, which dispenses with such inquiry, “ provided the plaintiff shall serve the defendant, at the same time and in the same manner that the process or summons to commence the suit or action is served, with a copy (certified by the clerk of the court in which the suit or action is brought) of the account on which the suit or action is brought, stating distinctly the several items of his claim, and the aggregate amount thereof, and the time from which he claims interest thereon, and the credits, if any, to which the defendant may be entitled thereon.” The following is a copy of the account upon ■ which the suit was brought, which is certified by the clerk, and which was served upon the defendant, as required by said section of the statute:

Rush Burgess, Col. of 3d Dist. of Int. Rev. of Va.,

To Blair Burwell, Jr., Dr.
1870— No. of pack’es; 468, at 25 cts. each, - $117 00
1871— No. of pack’es, 1,219, at 25 c. each, - 309 75
1872— No. of pack’es, 32, at - - 8 00
$429 75
1871— With int. from Jan’y 1st, - $117 00
1872— With int. from Jan’y 1st, - 309 75
“ “ 6th, 8 00
*474 -^1IS aceount would be unintelligible to one who was not conversant with the transaction, as set out in the first of the declaration. As explained in that count, it. wou]¿ }je readily understood ; which alleges in substance. that the defendant, claiming to act, and actually acting as jn(erriaj revenue C0Uect0r for third district of Virginia, to whom plaintiff had declared his intention of exporting 1,729 packages of tobacco, before he would permit said plaintiff to export the same, unlawfully and without authority collected of the said plaintiff $428.75, that being 25 cents for an export stamp on each package, which he required and forced him to purchase and affix to each package, and to cancel the same. Whereby an action hath accrued to the said plaintiff to have and demand of the said defendant the said sum of money, with interest thereon. And being so indebted, the said defendant undertook, and promised, &e. By reference to this count of the declaration, the aforesaid account is intelligible and easily understood, and would meet the requirements of this section, if can be explained by a reference to the declaration. But we are of opinion that stating distinctly the several items the plaintiff’s claim in his declaration, a copy of which not served upon the defendant, is not a compliance with the provisions of this section of the statute, and does not entitle the plaintiff to a judgment by default, without proof of his claim upon a writ of inquiry, unless the defendant has been served with a copy‘of the account, stating distinctly the several items of his claim. It is probable that the account was stated with sufficient distinctness to understood by the defendant without reference to the declaration, who was a. party to the transaction, to which several items of the account have reference, and, it may presumed, at once understood their import, and was thereby apprised of the plaintiff’s cause of action. Whether the statement of the several items of the plaintiff’s account with such distinctness that the defendant will un *475 derstand from it what is the plaintiff’s claim and cause of action, is a sufficient compliance with the aforesaid section of the statute, need not be decided, as the case turns upon other questions; and no objection to the judgment on this ground was made by the defendant in his petition to the court which rendered the judgment, under § 5 of ch. 177 of the Code of 1873, to set it aside. Nor was it set aside aud annulled by the circuit court upon this ground, but upon the ground that the special count did not show that the plaintiff had any cause of action. The court reversed and set aside the judgment upon that ground, and ordered the cause to be redocketed, with leave to the plaintiff to amend his declaration. But the plaintiff refused to amend, and the court thereupon dismissed his action; to which rulings of the circuit court the plaintiff filed a bill of exceptions, and obtained a writ of error from this court.
Whether the special count in the declaration sets out a cause of action for the plaintiff depends upon the question whether it was unlawful for the defendant to require each package of the plaintiff’s tobacco intended for export to be stamped, and to collect from the plaintiff 25 cents for each stamp so affixed to each package? The plaintiff contends that the act of congress requiring and authorizing it is in conflict with the constitution of the United States, which ordains by the 5th clause of § 9, article 1, that “ no tax or duty shall be laid on articles exported from any state” ; and he contends that this is a tax on the exportation. If it is a tax or duty, it is clearly unconstitutional.
The learned counsel for the plaintiff has argued with ability, and cited numerous authorities and several decisions of the supreme court, to show that the charges to which the plaintiff was subjected for export stamps were taxes on exportation. He argued with much force to show that the stamps in this case were not necessary to segregate the tobacco which was for exportation from that which was *476 ^or ^ome consumption, as under the regulations of the treasury department, which have, by the revised statutes, the of law, every exporter, as the plaintiff here, had to sjgn a bill 0f lading and give an export bond in double the amount of tax, conditioned that he will return a landing certificate from abroad, with consul’s certificate, &c.; the expenses of which the exporter liad to pay, with the addition of 12 cents per 100 pounds, to the officers for seeing to the affixing and cancellation of the export stamps. It would seem, therefore, that the export stamps were not necessary to segregate the tobacco, nor to protect the government against fraud, as the government held the bond of the exporter for the entire tax, which could not be can-celled until the return of landing certificates as aforesaid.
These are certainly heavy burdens upon the article of tobacco exported from a state, in addition to the enormous revenue collected from this article, when intended for domestic consumption ; a burden of taxation upon the producer, which acts unequally in different sections of the Union, and it is believed with great harshness on the producer. And the inquiry has been suggested, whether the levying of such a tax by congress is an assumption of power warranted by the constitution ? But this is not the tribunal whose authority is effectual to remove the burden, in either case, if it be an unconstitutional imposition.
We do not mean to deny the jurisdiction.of the state court to construe and pass upon the constitutionality of a revenue act of congress, when it becomes necessary in the decisión of a cause which is rightfully before it, just as the supreme federal court may construe a state law and decide whether it is consistent with the constitution of the state, when it has not been judicially determined by the supreme court of the state; but if it has been judicially construed and determined by the supreme tribunal of the state, will be governed by its adjudication. So, we think, whilst the supreme court of the state has jurisdiction to construe and *477 to pass upon the constitutionality of a revenue act of congress, when it is necessary to the decision of the cause before it, yet if the same act and its agreement with the stitution of the United States has been judicially determined by the supreme court of the United States, its decision is conclusive and final, and must be respected by the state tribunal. And since the supreme court of the United States, by authority of an act of congress, with the acquiescence of the states, is in the daily practice of exercising jurisdiction to review and revise decisions of the supreme tribunals of the states, in such cases, it would be vain and futile, and would not subserve any useful purpose, for the state court to be governed by a different principle. If it were an original question, which had not been passed on by the supreme court of the United States, we should find it difficult to hold that the money so collected from the exporter, by authority of an act of congress, which requires it to be paid into the United Slates treasury, was not a tax, and a tax in disguise upon the exportation of the article from a state. But under our mixed form of government federal in some of its features, and national in others, it is important to preserve the line of separation between the jurisdiction of the state and federal courts; and it will be as inimical to the harmony of the system for the state courts to encroach upon the jurisdiction of the federal as for the latter to encroach upon the former; though the danger is from the latter and not from the former. If the burden, in either case referred to, be an unconstitutional imposition, this tribunal has not the power to afford effectual relief. The only tribunal that can give judicial relief which will be effectual is the supreme court of the United States. And if it cannot be obtained by a resort to that tribunal, the only means of redress which is left to those who are oppressively burdened is by an appeal to congress to repeal the obnoxious laws.
The precise question involved in this case was decided *478 by the supreme court of the United States since the insti- . , t-ution of this suit, in Pace v. Burgess, collector, 92 U. S. R. 372, which affirms the constitutionality of the act of congress—holding that the collection of 25 cents on each package of tobacco for exportation, from the exporter, is not a tax on the exportation of the article. In that case Pace was required to pay for the stamps affixed to the packages of tobacco he exported the sum of |5,090. The question raised in this case is a res adjudícala, and is no longer an open question, so far as that tribunal is invested with power to determine it.
It is essential to every government that it should have the power to enforce its own revenue laws; and that the decisions of its court of last resort, and of highest judicial authority, as to their constitutionality, should be final and conclusive. It is important that the administration of the revenue laws should be uniform in every part of the United States, which would be impracticable if the state courts were clothed with co-ordinate powers to pass upon the constitutionality of such laws. It is not likely that there would be uniformity of decision by the several state courts, and consequently a revenue law of the United States would be in force in one state and disregarded in another. We are of opinion that the final and conclusive adjudication of the constitutionality of a revenue law of congress, and its construction, belongs to the jurisdiction of the supreme court of the United States, just as the adjudication of a state law—its construction, and whether it is consistent with the constitution of the state—belongs to the jurisdiction of the supreme court of the state, and is final and conclusive; and an encroachment by the state court upon the jurisdiction of the federal court would be as unwarrantable as an encroachment by the latter on the former. It is important to the states, as well as to the United States, that the jurisdiction of both courts should be well defined and sacredly observed. With these views, we must regard *479 the decision of the supreme court of the United States, in Pace v. Barges, collector, as decisive of the same question as it is raised by the first count of the declaration in ■casé, and feel bound to hold with the circuit court, that . said count does not set out any legal cause of action.
But the learned counsel for the plaintiff contend, admitting that to be so, that the general counts show good cause of action. Suppose they do; did the account filed, and a copy of which was served on the defendant, warrant the entering of a judgment, without a writ of inquiry, under §44 of ch. 167 of the Code above cited? We have seen that said account was unintelligible except as explained by the special count of the declaration, unless by the defendant who was cognizant of and an actor in the transaction to which it refers; and it would be understood by him just as the claim is set out in the special count, which, as we have seen, does not set out any cause of action, under the decision of the federal court. And if the service of a copy of that account on the defendant is relied upon to give notice of the character of the plaintiff’s claim on the common counts, it would be notice to him of just such a claim as is set out in the special count, which we have seen, under the decision in Pace v. the same defendant, gives no cause of action.
To warrant the judgment by default without a writ of inquiry upon the common counts under § 44, supra, it was just as necessary that the defendant should be served with a copy of the account distinctly stating the several items of the plaintiff’s claim, in those counts, as it was to warrant a judgment by default on the first count; and the only notice lie had of the character of the plaintiff’s claim in the common counts was the service of a copy of the account, which it has been held gave him no cause of action! Consequently the judgment by default, whether on the special count, or the common counts, was illegal, and the court below did not err in reversing it and setting it aside.
*480 The court did not then dismiss the plaintiff’s action, but redocketed the case and gave the plaintiff leave to amend his special count, in order that he might, if he could, set out a case which would give him good cause of action. But he declined to amend his declaration; from which the necessary inference was, that he had no cause of action different from that which he had set out in his special count. And the common counts, supported, as he claimed them to be, by the account, a copy of which had been served on the defendant, it was utterly futile and vain for him to prosecute his suit further. The court below did not err in dismissing the suit. We are of opinion, therefore, to affirm said judgment.
Judgment affirmed.