# �export𝔥𝔪𝔬𝔫𝔡.

PETTY V. THE FRICK Co.

FEBRUARY 13th, 1890.

Absent, Fauntleroy, J.

1. ATTACHMENT—*Return— Order of publication*.—Where before an attachment is returned " executed," an order of publication was made, and the order was not posted by the clerk at the front door of the court-house on the first day of the court next after it is entered, the attachment should be abated.   Code 1887, secs. 2979 and 3231.

2. PRACTICE AT COMMON LAW—*Trial without an issue—Jeofails*—Where in action of *assumpsit*, no plea has been filed, the only question is the quantum of damages, and that only after an order of enquiry of damages, it is error to allow defendant to cross-examine the witnesses and demur to the evidence, and such error is not cured by the statute of jeofails which does not cure a total want of issue.

3. IDEM—*Rule upon certificate of evidence*.—Such case is not a proper one for applying the rule that when upon survey of whole record, judgment appears substantially right, it will be affirmed, though there may have been error in progress of the cause not operating to prejudice the appellant.

4. IDEM—*Special appearance—No waiver*.— Appearance to move to quash attachment on account of irregular service of process, is not such appearance to the action as waives alleged defects.

Error to judgment of circuit court of Culpeper county, rendered March 28, 1888, wherein W. C. Petty, the plaintiff in error, was plaintiff, and The Frick Company was defendant. Opinion states the case.

*Hill & Jeffries*, and *W. L. Jeffries*, for the plaintiff in error.

*Barbour & Rixey,* for the defendant in error.

LEWIS, P., delivered the opinion of the court.

On the 18th day of January, 1888, the plaintiff in error commenced an action of *assumpsit* in the circuit court of Culpeper county, against the Frick Company, a corporation chartered under the laws of the state of Pennsylvania, and on the same day sued out a foreign attachment, which was returned levied on certain effects of the defendant company, in the possession of one, Winston, in the said county. An order of publication was also made on the same day, and the attachment appears to have been executed one week later, to-wit, on the 25th of the same month.

The declaration was filed at the ensuing February rules, but no further proceedings at the rules appear to have been had. At the following March term of the circuit court, the defendant company moved to abate the attachment, *first,* because the order of publication had been prematurely made—*i. e.* before instead of after the attachment was returned executed, the defendant not having been served with a copy of the attachment, or with process in the action; and *secondly,* because the order had not been posted at the front door of the court-house as the statute (now section 3231 of the Code) requires. The motion, however, was overruled, and the defendant excepted.

A jury was thereupon impaneled "to ascertain if anything was due from the defendant company to the plaintiff," and after the latter had introduced a witness and examined him in chief, the defendant, without offering any plea, and not having filed any in the cause, and proclaiming by its attorney, that it did not appear except for the purpose of moving to quash, offered to cross-examine the witness, to which the plaintiff objected; but the court overruled the objection, and permitted the defendant to cross-examine the witness, to which action of the court the plaintiff excepted.

After the evidence for the plaintiff had been closed, the defendant, still proclaiming that it appeared only for the purpose of moving to quash the attachment, demurred to the evidence, and the court, against the objection of the plaintiff, compelled him to join in the demurrer, whereupon he again excepted. The jury thereupon returned a verdict in favor of the plaintiff for $572 88, subject to the opinion of the court on the demurrer; but the court being of opinion that the plaintiff was not entitled to recover, entered a judgment against him for costs, and abated the attachment, whereupon the case by a writ of error, was brought to this court.

Section 2979 of the Code provides that "when," not before, but *when* an attachment in a case like the present "*is returned executed*, if the defendant has not been served with a copy of the attachment, or with process in the suit wherein the attachment issued, an order of publication shall be made against him." And by section 3231, it is provided that, in addition to the publication in a newspaper, the order "shall be posted by the clerk, at the front door of the court-house of the county or corporation wherein the court is held, on the first day of the next county or corporation court after it is entered," which was not done in the present case, and the order was made before the attachment was returned. The defendant's motion to abate the attachment, on the ground that proper notice had not been given, ought, therefore, to have been granted; for, as has been very often decided, and the principle is elementary, the remedy by attachment, being an extraordinary and harsh one, susceptible of great abuse, and often abused, will never be sustained unless all the requirements of the law, strictly construed, have been complied with.

It is also well settled that an appearance in a motion to quash the attachment because of irregular execution of process is not an appearance to the action whereby the alleged defects are waived. Danl. Attachm., sec. 183; *Wynn* v. *Wyatt's Adm'r*, 11 Leigh, 584. In *Harkness* v. *Hyde*, 98 U. S., 476, in

which case the defendant moved to dismiss the action on the ground of illegality in the service of the process, and, upon his motion being overruled, pleaded to the merits, it was decided that "illegality in a proceeding by which jurisdiction is to be obtained, is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularity; nor is the objection waived when being urged it is overruled, and the defendant is thereby compelled to answer. He is not considered as abandoning his objection because he does not submit to further proceedings without contestation. It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived."

It was also error to permit the defendant to cross-examine the witnesses, and to demur to the evidence, without any plea having been filed or issue joined in the case. Indeed, the proceedings were irregular throughout, at least subsequent to the filing of the declaration. There seems to have been no office judgment, nor order for inquiry of damages, and if there had been, the only question to be ascertained, in the absence of any plea or issue in the case, would have been the quantum of damages. *McMillion* v. *Dobbins*, 9 Leigh, 422. Yet the court virtually went on to try the case as if an issue had been joined, and gave judgment for the defendant. This was clearly erroneous. The attachment was merely auxiliary to the action, and the proceedings ought to have been governed by the same rules which apply in an ordinary action between creditor and debtor. In other words, the object of the plaintiff in the action was two-fold, viz: (1) to obtain a judgment against the defendant, as in an ordinary action of the same sort, for the debt claimed in the declaration; and (2) to subject certain effects of the defendant, by means of the attachment, to the satisfaction of that judgment when recovered.

Nor are the errors in the proceedings cured by the statute of *jeofails;* for whilst that statute cures misjoinder or informal

joinder of issue, it does not cure the nonjoinder or want of issue altogether. In *Sydnor* v. *Burke*, 4 Rand., 161, which was an action of detinue, the judgment of the lower court was reversed, because, although the record stated that the jury were sworn to try the issue joined, yet it did not show that any plea was filed by the defendant, or that any issue was, in fact, made up. And to the same effect is *McMillion* v. *Dobbins*, 9 Leigh., 422. See also, 4 Min. Inst., 851, and cases cited.

It is insisted, however, that on the merits, as appears from the evidence certified, the case is with the defendant, and therefore that the judgment ought to be affirmed, according to the rule recognized in *Danville Bank* v. *Waddill*, 27 Gratt., 448; *Payne* v. *Grant*, 81 Va., 165, and other cases, namely, that when, upon a survey of the whole record, the judgment appears to be substantially right, it will be affirmed, notwithstanding an error may have been committed in the progress of the cause, which has not operated to the prejudice of the appellant. Without expressing any opinion as to the facts, it is enough to say that here there is no foundation upon which the proceedings subsequent to the filing of the declaration can rest, and hence the case is not a proper one for the application of that rule.

The judgment must, therefore, be reversed and annulled, except in so far as it abates the attachment, and the cause remanded to the circuit court, to be sent back to the rules, and for such further proceedings to be had therein as may be proper.

JUDGMENT REVERSED.