88 695
99 277

# Richmond.

## JOHNSON & WIFE v. FRY.

### January 28th, 1892.*

1. PRACTICE AT COMMON LAW—*No plea*—*Mistrial.*—Where, in *assumpsit*, no plea is filed, and verdict is for plaintiff, court set aside the verdict;
HELD:
    No error. *Petty* v. *Frick Co.*, 86 Va. 501.
2. WITNESSES—*Husband and wife*—*Plaintiff.*—Where husband and wife are interested parties defendants, neither are competent to testify, nor is the plaintiff.
3. ASSUMPSIT—*Account*—*Code, section 3248*—*Case at bar.*—Where declaration does not plainly describe the items, and the account therewith filed merely mentions. the sums paid, without giving any information about them;
HELD:
    The account is insufficient.
4. IDEM—*Irrelevant evidence.*—In said suit the court admitted evidence of a sum of money paid since suit brought;
HELD:
    Error.
5. IDEM—*Two verdicts*—*Case at bar.*—It cannot be maintained that in the case here two verdicts were set aside when they were rendered on an *ex-parte* hearing.

Error to judgment of circuit court of Madison county, rendered November 6th, 1889, in an action of *assumpsit*, wherein one Fry was plaintiff, and H. C. Johnson and Eliza, his wife (jointly interested in the subject-matter of the suit), and others, were defendants. The trial was upon no issue, no plea having been filed. Verdict was for plaintiff, and was set aside by the

---

* Originally decided March 5th, 1891.

court below. At the second trial the verdict was also for plaintiff. Defendants moved to set it aside. The motion was overruled. The defendants excepted, and judgment was entered accordingly, and the defendants brought the case here on writ of error and *supersedeas.* Opinion states the case.

*J. G. & W. W. Field,* for plaintiff in error.

*James Hay, A. R. Blakey* and *Meredith & Cocke,* for defendants in error.

LACY, J., delivered the opinion of the court.

The case, so far as it is necessary to be stated, is briefly as follows : The defendant in error was the agent and farm manager of the plaintiffs in error on their farm, situated in the county of Madison. Disagreement having sprung up between the owners of the property and the said Fry, who was the farm manager, he was removed, and at the August rules, 1887, the said Fry instituted an action of *assumpsit* against the owners of the said farm and its belongings, one of them, Fannie S. Barton, being unmarried, and the other girls, Mattie and Eliza, being married, respectively—Mattie to the plaintiff in error, H. C. Johnson, and Eliza to the plaintiff in error, M. L. Huffman. The said Fannie has since intermarried with the plaintiff in error, W. B. Goodall. So that the action was against married women and their husbands, as stated. The action was for $3,809.69. After a trial lasting several days, the jury returned a verdict on the 24th of April, 1889, in favor of the plaintiff for $1,911.18. The defendants in the circuit court successfully moved for a new trial, upon the ground that the case was tried without an issue, no plea having been filed. There were other grounds assigned for the motion, but the circuit court overruled all other grounds, without exception by the defendants, and granted the motion

upon this alone, to which action of the court, however, the plaintiff, Fry, did except. There was a subsequent trial, and a verdict returned in September, 1889, for the plaintiff for $1,926.05. Whereupon the defendents moved the court to set aside the said verdict and grant them a new trial, which motion the court overruled, and rendered judgment jointly against all of the defendants, whereupon the defendants excepted. And the said defendants having filed numerous exceptions during the progress of the trial, applied for and obtained a writ of error to this court.

The first assignment of error which we will consider is the exception by the defendant in error to the action of the court in setting aside the first verdict because there had been no issue made up to try, no plea having been filed, and his claim that if the court shall discover that the circuit court erred in setting aside the first verdict upon the ground that no issue had been made up, and, therefore, none tried, that then, under the act of assembly of February 7, 1889 (Acts 1889–'90, p. 36), this court will annul all proceedings subsequent to said verdict and render judgment thereon.

There was no error in this action of the court. That question was considered and decided in the case of *Petty* v. *Frick Co.*, 86 Va., 501.

The next assignment of error is as to the action of the court in overruling the motion of the defendants to exclude the plaintiff as a witness, upon the ground that the other parties who were the husbands of the married women, defendants, were excluded—H. C. Johnson, who was a witness relied on by the defendants, being excluded on account of his wife's interest. The circuit court regarded Johnson as a nominal party, joined for conformity only with his wife, upon the principles of *Farley and Wife* v. *Tillar*, 81 Va. 276, and the cases there cited. But this case is not like those cases. Johnson, like his wife, is a party in interest, and the transactions were, to some extent, had with him. He is sued as a party defend-

ant, and a judgment is rendered against him for a large sum, execution upon which would bind his personalty to its full extent. He cannot be said not to be interested. He is a party to the suit, and he is a party in interest. Fry testified as to matters within the knowledge of both and recovers a verdict against Johnson mainly, *almost exclusively,* upon Fry's testimony, while Johnson's mouth was closed because of his wife's interest. Mrs. Johnson was allowed to testify, but she was incompetent on account of her husband's interest. The common law rule, as to the incompetency of husband or wife to testify for or against each other, being unchanged by statute. The other parties to the transactions involved, and under consideration being incompetent to testify, Fry was incompetent as a witness, and the circuit court erred in permitting him to testify; and for this error the judgment appealed from here will be reversed, and the case must be remanded for a new trial to be had therein in the said circuit court of Madison.

But, as the case must be retried, it is best to say that, under section 3248 of the Code, which provides that "in every action of assumpsit the plaintiff shall file with his declaration an account stating distinctly the several items of his claim, unless it be plainly described in the declaration," the account filed in this was insufficient. No items were plainly described in the declaration, and in the account filed many, perhaps most, of the items were mere mention of sums paid, without giving any information concerning them whatever, and from which the defendants could derive no knowledge. The value of this rule of law is strikingly illustrated in this case. The plaintiff was the agent and manager of the defendants, who resided in a distant part of the state. His claims were for moneys in great part alleged to have been paid others. The dealings had not been with them, but with others, and the plaintiff should have been required to furnish an account intelligent to the defendant, and informing him of the precise nature of the claim, and of its extent, as was required by this court in *Burwell* v.

*Burgess,* 32 Gratt. 472; see, also, *Fitch* v. *Leitch,* 11 Leigh 471.
And the plaintiff should not have been allowed to file with the
jury and offer in evidence a memorandum-book, which he had
mutilated by tearing out and burning some of the entries con-
cerning this suit after suit was brought. Such a book could
no longer be regarded as furnishing any safe and reliable evi-
dence; it came in questionable shape. It was erroneous in the
court to allow proof of and credit for a sum of money alleged
to have been paid long after suit was brought. It formed no
part of this suit, but was not barred by it—not affected by it—
being altogether a subsequent transaction. It was erroneous
in the circuit court to allow an agreement concerning a sale of
the place to be made by the plaintiff, and commissions to be
paid to him therefor when it was not pretended that any sale
had ever been made under it, nor was there any claim for com-
missions therefor; and the court instructed the jury that there
was nothing therein upon which they could found any part of
their verdict. It is not clear what effect it could have upon the
suit, but it was irrelevant, and was improperly admitted.

It is not necessary to consider the action of the court in over-
ruling the motion to set aside the verdict and grant a new
trial, nor to consider the instructions, as the evidence on the
next trial may be very different, and all the questions arising
under the instructions, which are likely to arise on the next
trial, have been considered in what has gone before.

We are of opinion, for the foregoing reasons, to reverse the
judgment appealed from, and remand the case for a new trial,
to be had therein in the said circuit court of Madison county.

LACY, J. (at rehearing), said:

This case was decided in this court on the 5th day of March,
1891, and the opinion delivered at that time was concurred in
by the four judges sitting. Subsequently a rehearing was
granted upon the petition of the defendant in error, John W.

Fry, because of the importance of some of the questions involved, especially of the question as to the admissibility of the plaintiff below, the said Fry, as a witness. · It was not denied that if Johnson and his wife were both interested in the suit, then the interest of each would · debar the other as a witness; and this being so, Fry, being a party of opposite interest, then their disqualification would ·disqualify him under our statute. But the contention is that the property out of which the alleged indebtedness of the parties grew belonged exclusively to the wife, and that, therefore, Mr. Johnson had no interest. But this contention is not sustained. The debt is claimed and sued on as a joint debt of the husband and the wife, and the result of the trial is a verdict and judgment, with costs, against both. The suit is nowhere confined to the obligations of the wife, but is expressly and successfully prosecuted against the husband as well as the wife; and he .is clearly interested, as appears in the opinion rendered at the first decision here, and it is not necessary to repeat the reasons there given. But for the same reasons, after a patient rehearing and a careful consideration of the questions involved, and of the argument of the learned counsel for the defendant in error, we are constrained to the same conclusion as was arrived at on the first hearing. There is but little force in the insistance that two verdicts are thus set aside when we reflect that they were rendered on an *ex-parte* hearing. Fry, the plaintiff, proved his case by his own testimony, whereas Johnson, the only party on the other side who had any knowledge of the controverted transactions, was excluded as a witness. A verdict of a jury, rendered upon legal testimony upon a full hearing, is entitled to great weight, which is accorded to it in all our courts; but in a case where one side only has been heard, and the result attained by illegal testimony, the result is an undue trial and judgment, which is a very different matter.

In this case the hardship on Fry is rather fancied than real.

All of his transactions about which he testified were had with others, who are equally available if less convenient, and such an investigation is more satisfactory. If it should suit the legislative mind to provide that in such a case marriage should constitute no impediment to a full hearing of all the parties who could throw light upon these disputed transactions, such provision would be in accordance with the views of some of the profession; but on the threshold of this reflection our duties cease; we may not do otherwise than administer the law as it is enacted.

The judgment appealed from must be reversed and annulled, and the same judgment will be rendered here as was rendered at the first hearing.

JUDGMENT REVERSED.