## Staunton

PERCY E. CHAPPELL, ET AL. v. JAMES W. SMITH, JR., AN INFANT, ETC.

September 9, 1967.

Record No. 6476.

Present, All the Justices.

*John F. Rixey* (*Rixey & Rixey*, on brief), for plaintiffs in error.

*Augustus Anninos* (*Howell, Anninos & Daughtery*, on brief), for defendants in error.

I'ANSON, J., delivered the opinion of the court.

James W. Smith, Jr., an infant, filed a motion for judgment, by his father and next friend, against Percy E. Chappell and Louis A. Chappell, defendants, to recover damages for injuries received, medical expenses and loss of wages as a result of the alleged negligence of the defendants in the operation of a motor vehicle. Service of process on the defendants was obtained through the Division of Motor Vehicles on October 27, 1965.

No responsive pleadings or grounds of defense were filed by the defendants within 21 days after service of process, and defendants were in default. Rule 3:5, Rules of Court. Plaintiff requested the trial court to empanel a jury to fix the quantum of his damages, and the matter was set for hearing on March 10, 1966. Rule 3:19, Rules of Court.

On March 3, 1966, counsel for defendants filed a motion asking leave to file responsive pleadings, which motion was denied. Defendants' several motions for a continuance were also denied.

Since defendants were in default, the trial court ruled that under the provisions of Rule 3:19 counsel could make no defense on the merits and their participation in the trial would be restricted to cross-examination of plaintiff's witnesses.

The jury returned a verdict for plaintiff in the amount of $8,500, upon which judgment was entered, and defendants are here on a writ of error to the judgment.

The facts relating to how the accident occurred are not material to the questions raised here and will not be stated.

Defendants concede that under Rule 3:13 it was within the discretion of the trial court as to whether it would permit defendants to file pleadings after the expiration of 21 days from the date of service of the motion for judgment. *Cooper* v. *Davis*, 199 Va. 472, 476, 100 S. E. 2d 691, 695 (1957). They contend, however, that the court improperly interpreted Rule 3:19 in not allowing them to introduce evidence in mitigation of damages, to make objections to plaintiff's instructions, to offer instructions on the quantum of damages, and to address the jury.

Rule 3:19 reads as follows:

"A defendant who fails to plead to a notice of motion for judgment within the required time is in default. He is not entitled to notice, including notice to take depositions, of any further proceedings in the case. He waives trial by jury and all objections to the admissibility of evidence. The court shall, on motion of plaintiff, enter judgment for the amount appearing to the court to be due. If the relief demanded is unliquidated damages the court shall hear evidence and fix the amount thereof, unless the plaintiff demands trial by jury, in which event, a jury shall be impaneled to fix the amount of damages."

Thus the crucial question presented is whether or not the trial court erred in construing Rule 3:19 by limiting defense counsel's participation in the trial on the quantum of damages to cross-examination of plaintiff's witnesses.

The answer to defendants' contention is not found in any of our decisions interpreting Rule 3:19. In *Cooper v. Davis, supra,* 199 Va. at 476-477, 100 S. E. 2d at 695, defendant was in default and he was not permitted to make any defense on the merits. However, defendant's counsel was permitted without objection to argue the quantum of damages to the jury. We made no comment on the right of counsel to argue the question of damages to the jury under Rule 3:19 because this question was not raised.

Under our present practice and procedure in actions at law, the effect of the failure of a defendant to plead within the time prescribed by Rule 3:5 is that he cannot defend on the merits of the case and he admits that plaintiff is entitled to recover some damages, however small. However, he does not concede the amount of damages on an unliquidated claim. Rule 3:19 provides the procedure for ascertaining damages after defendant is in default. The Rule was intended to modify the common law and to be a substitute for the common law writ of inquiry of damages formerly provided for by Code §§ 8-345 and 8-346, which were repealed[1] after the present Rules of Court became effective on February 1, 1950. Code § 8-212, "Trial of issues or inquiry of damages by jury," was amended[2] to make it consistent with Rule 3:19 by adding the following language: "provided, however, that where the defendant is in default, the procedure shall be governed by the applicable Rules of Court."

Where damages are unliquidated, Rule 3:19 provides that the court or the jury shall hear evidence and fix the amount of damages. It does not specify, however, that the evidence heard is to be limited to plaintiff's evidence. The Rule specifically states that the penalties imposed on a defendant in default are as follows: (1) He is no longer entitled to notice of any further proceedings in the case. See, *Levine v. Lacy,* 204 Va. 297, 299-301, 130 S. E. 2d 443, 445-446 (1963). (2) He waives trial by jury. (3) He waives all objections he might make to the admissibility of evidence. While the Rule specifically provides that defendant waives his right to make objections to the admissibility of the evidence, it is silent on the questions of a de-

1. Acts of 1954, ch. 593, p. 765, and ch. 610, p. 784.
2. Acts of 1954, ch. 333, p. 417.

fendant's right to cross-examine the witnesses, to introduce evidence in mitigation of damages, to object to plaintiff's instructions, to offer instructions, and to address the jury.

Moreover, Rule 3:1 provides, in part, that "In matters not covered by these Rules, the established practices and procedures are continued." Thus we will look at the practice and procedure existing prior to the adoption of the present rules.

The effect of the failure of a defendant to plead in a common law action was an admission by the defendant of plaintiff's right to recover some damages, but he did not admit the amount of unliquidated damages claimed. The entry of an order for the issuance of a writ of inquiry of damages was then required, and the only matter to be considered by the jury was the quantum of damages. *M'Million* v. *Dobbins,* 36 Va. (9 Leigh) 422 (1838); *Petty* v. *The Frick Co.,* 86 Va. 501, 10 S. E. 886 (1890). Upon this inquiry of damages the defendant could call witnesses to show matters in mitigation of damages but not in bar of plaintiff's action on the merits. Burks Pleading and Practice, 3d ed., Rule Days and Office Judgments, § 49, pp. 98, 99; 10 Ency. Pl. and Pr., 1156-1159; Graves, Notes on Pl. (new 92, 93).

In *Petty, supra,* defendant was in default but no office judgment nor order of inquiry of damages had been entered. The case was tried as if the defendant were not in default. This court held that the proceedings were irregular and it was error to permit the defendant to cross-examine plaintiff's witnesses and demur to the evidence.

The entry of a writ of inquiry of damages was not required in an action instituted by a notice of motion for judgment when a defendant was in default, because Rule Days and Office Judgments had no application. Plaintiff, however, was required to prove his quantum of damages in a proceeding which was considered in the nature of an execution of a writ of inquiry of damages. *Wessel* v. *Bargamin,* 137 Va. 701, 710-713, 120 S. E. 287, 290-291 (1923).

[1] The general rule is that on a hearing before a jury for the purpose of fixing unliquidated damages after default, the defendant may make no defense to the action on the merits, and unless prohibited by a rule of court or statute the defendant in most jurisdictions may introduce evidence to mitigate damages; he may object to plaintiff's evidence; he may cross-examine witnesses, but not for the purpose of interposing a defense on the merits; he may introduce witnesses in his own behalf, limited to the question of damages only;

he may ask for instructions, object to instructions offered by the plaintiff, and address the jury. *Clark* v. *Collins,* 213 Ark. 386, 389-390, 210 S. W. 2d 505, 507 (1948); *Carson* v. *Perkins,* 217 Ind. 543, 548-549, 29 N. E. 2d 772, 774 (1940); *Lindsey* v. *Drs. Keenan, Andrews and Allred,* 118 Mont. 312, 320-321, 165 P. 2d 804, 809, 163 A. L. R. 487 (1946); *Elfman* v. *Evanston Bus Co.,* 27 Ill. 2d 609, 190 N. E. 2d 348, 351 (1963); *New York, New Haven & Hartford* v. *Hungerford,* 75 Conn. 76, 78-79, 52 A. 487, 488 (1902); *Plaff* v. *Pacific Express Co.,* 251 Ill. 243, 95 N. E. 1089, 1091 (1911); 25A C. J. S., Damages, § 172, a., pp. 133-136; 49 C. J. S., Judgments, § 201, c., p. 358; 30A Am. Jur., Judgments, § 219, p. 294.

Rule 55 of the Federal Rules of Civil Procedure (28 U.S.C.A.) is similar in effect to our Rule 3:19. In interpreting this Rule in the case of *Peitzman* v. *City of Illmo,* 141 F. 2d 956, 962 (8 Cir. 1944), cert. denied, 323 U. S. 718, 65 S. Ct. 47, 89 L. ed. 577, the Court said:

> "On a hearing on the question of damages under Rule 55(b), a defendant though in default is in court on a hearing limited to the question of the amount of damages, to the same extent that he is in court in a trial on the merits."

Since the purpose of a hearing on the quantum of damages is to aid the court or a jury in fixing the fair amount of damages plaintiff is entitled to recover, they can best discharge their duty by hearing all the evidence on the subject. Neither Rule 3:19 nor any statute prohibits counsel for a defendant in default from cross-examining plaintiff's witnesses, from offering evidence in mitigation of damages, from objecting to plaintiff's instructions, from offering instructions on the law relating to damages, and from addressing the jury. If the Rule was intended to restrict counsel for a defaulting defendant from participation in a trial limited to the question of damages, it would have contained language to that effect, as it did in providing that defendant waives his right to object to plaintiff's evidence.

Hence, we are of opinion that it was error for the trial court to refuse to allow the defaulting defendants to participate in the trial on the question of damages to the same extent they would have been permitted if they were defending on the merits, except for the right to object to the admissibility of plaintiff's evidence, which is specifically prohibited under Rule 3:19.

[2] Lastly, defendants say that although plaintiff, an infant, claimed medical expenses and loss of wages in his motion for judgment, since he did not allege that he had been emancipated or that his parent had assigned the claim to him, the trial court erred in permitting him to offer evidence of his medical expenses and loss of wages.

*Moses* v. *Akers*, 203 Va. 130, 132-133, 122 S. E. 2d 864, 866-867 (1961), relied upon by defendants, is not applicable here. In the present case, the infant plaintiff alleged that he was caused to expend large sums of money in an endeavor to be cured of his injuries, and that he had lost wages as a result of the accident. The allegations were sufficient to put defendants on notice that even though plaintiff was an infant he was claiming recovery for loss of wages and for medical expenses. A plaintiff is not required to allege in detail the basis of his claim in a motion for judgment. In support of his allegations he showed that he alone was responsible for the payment of the medical expenses; that he was married and living apart from his parents; and that he was gainfully employed at the time of the accident. Moreover, defendants, being in default, waived their right to object to the admissibility of the evidence under Rule 3:19.

The judgment is set aside and the case remanded to the court below for a new trial on the question of damages only.

*Reversed and remanded.*