## CIRCUIT COURT OF WARREN COUNTY

Ridgeway

v.

Taylor

December 30, 1976

Case No. (Law) 3693

By JUDGE ROBERT K. WOLTZ

This is my letter opinion on the motion of the Plaintiff to amend her motion for judgment by way of increasing the amount stated therein in the ad damnum clause.

Plaintiff's cause of action is subject to the statute of limitations as expressed in § 8-24 and filed her motion for judgment within the time limitations prescribed thereby. Defendant was served in accordance with provisions for service of process on nonresident motorist, §§ 8-67.1, *et seq.* Defendant filed no responsive pleadings within the time prescribed by Rule 3:5, and in accordance with the provisions of that Rule was and continues to be in default.

Subsequent to the Defendant's default and after the running of the statute of limitations the Plaintiff moved without notice to the Defendant to amend the motion for judgment by way of increasing the amount sued for. The questions presented are can this particular amendment be made despite the running of the statute of limitations as to the cause of action, and if so, can this be done without notice to the Defendant.

In my opinion the answer to both questions is in the affirmative.

An increase in the amount claimed in the ad damnum, at least in this case, does not affect the form, nature or substance of the cause of action itself. It seeks

merely to increase the amount of damages consequent upon the same cause of action set up in the original motion for judgment. There is no new cause of action thereby established nor any new legal basis injected into the proceedings on which the increased damage is founded. The substantive cause or claim remains as before. Running of the limitation was stopped by the filing of the action, and in effect an amendment providing for an increase in the damages claimed in the very same action relates back to the date of filing. Burks, *Pleading and Practice* (4th Ed.), § 235.

This conclusion is consonant with that portion of Rule 1:8, embodying the modern trend with respect to amendments, which states, "Leave to amend shall be liberally granted in furtherance of the ends of justice." This provision, however, applies to amendments generally. The amendment in the face of the question of the statute of limitations is not granted out of liberality, but because it is unaffected by the statute of limitations.

Rule 1:8 also provides in part, "In granting leave to amend the court may make such provision for notice thereof an opportunity to make response as the court may deem reasonable and proper." But in this instance the Defendant is wholly in default. Rule 3:17 dealing with Judgment by Default contains this provision as to the defaulting defendant: "He is not entitled to notice . . . of any further proceedings in the case." For application of this Rule, see *Chappel* v. *Smith*, 208 Va. 272 (1967).

Rule 3:17 is specific and positive that the defaulting defendant is not entitled to notice of further proceedings. Rule 1:8 provides that the court may make provision for notice where leave to amend is granted. The matter therefore seems to be discretionary with the court. In view of the positive statement contained in Rule 3:17 that this Defendant has no right to notice, that the Defendant has continued in default for a lengthy time, that only an increase in damages is effected by the amendment and that in absolute terms the increase is small, in the exercise of discretion no notice to the Defendant of the amendment is deemed necessary.