Kelsey v. Lamb.

CHARLES L. KELSEY; Appellant, v. JAMES R. LAMB, Appellee.

APPEAL FROM BUREAU.

Where the parties, by consent, dispense with formal written issues, and submit the cause for decision, by agreement, they will be estopped from assigning for error, the want of joinder or replication to pleas.

A party who desires to have a declaration or other pleading, taken as confessed, must invoke the aid of the court, by a default.

Parties may dispense with formal pleadings at any stage, and the court may try the case, as if the pleadings had been properly traversed.

| 21 | 559 |
| 35a | 539 |
| 21 | 559 |
| 68a | 453 |
| 21 | 559 |
| 172 | 115 |
| 21 | 559 |
| 79a | 687 |
| 21 | 559 |
| 94a | 252 |

THIS case is stated in the opinion of the court.

PETERS & FARWELL, for Appellant.

W. H. WALLACE, for Appellee.

WALKER, J.   This was an action instituted by appellee on a promissory note, in the Bureau Circuit Court, against appellant. There was filed a plea of the general issue, a plea of no consideration, and a plea of no consideration and fraud.   To these pleas, no replications were filed, and the parties, by agreement, waived a jury, and the cause was submitted for trial by consent to the court.   After hearing the evidence, the court found for the appellee, and rendered a judgment against appellant.   From which, he prosecutes this appeal, and assigns for error, the rendition of the judgment against him, when his special pleas remained unanswered by demurrer or replication, but were confessed by not taking issue upon them, and that the court could not proceed to trial of the cause on the general issue, until an issue of fact was formed on the special pleas.

As a general rule of pleading and of practice, it is true, that it is error to proceed to the trial of a cause until there are issues of fact formed on each of the pleas filed.   But this rule has no application to cases, where, by consent of the parties, formal written issues are dispensed with.   There can be no doubt that the parties may agree to try a cause without plea or replication being filed, and by such agreement, the parties would be estopped from insisting upon the want of a plea or replication, as error. If the defendant has filed his plea, and the other party fails to reply within the time required by the rules of the court, he has a right to judgment by default, against the plaintiff, but until he obtains such a default, the pleas cannot be considered as confessed by the plaintiff.   It is the default which gives the right to consider and act upon the pleas as true.   In this case, no such

default was taken. When the parties submitted the case to trial by the court, without a jury by consent, it had the effect of submitting the case to trial on the pleadings, as if there were proper issues formed, and the court will hear evidence under all the pleas presenting a legal defense, precisely as if the allegations of such pleas had been formally traversed. This is the fair and reasonable construction to be given to such agreements. But it is otherwise, where the party is compelled to proceed to trial, without the issues being formed in the case. There the act is not voluntary, and no such intendment can be made.

By submitting the case to the court for trial, and waiving a jury, by agreement, the parties submitted it to be tried by the court, on the pleadings in the case, and the trial by consent cured the defect of issues not being formed upon these pleas. *Brazzel* v. *Usher*, Breese R. 14; *Ross* v. *Reddick*, 3 Scam. R. 115; *Graham* v. *Dixon*, 1 Scam. R. 73. In the first of these cases, there was a trial without any plea, and in the second, no plea was filed to any of the counts of the declaration, and in each of them the court held that the objection was cured, by going to trial without objection, and that the statute of amendments and jeofails has provided for such cases, and prevents the defendant from assigning it for error. In the other case, the general issue and an unanswered special plea were on file; and the court held, that where several pleas are filed, one of which is not answered, and particularly where the matter may be given in evidence under the general issue, and the parties proceed to trial without objection on the part of the defendant, that such plea remains unanswered, it will be considered as waived, or the irregularity will be cured by the verdict of the jury. In those cases the parties proceeded to trial without objection, while here the trial was had by express consent, and it must be presumed that the court admitted all evidence tending to establish any defense set up by the pleas, to the action. And even if the statute of amendments and jeofails would not operate to cure the defect, the consent of the parties did.

The judgment is affirmed.

*Judgment affirmed.*