## KEATOR LUMBER COMPANY *v.* THOMPSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 242. Argued and submitted March 25, 1892. — Decided April 4, 1892.

An objection that replications were not filed to the defendant's pleas when the trial commenced, nor before judgment, with leave of court, comes too late if made after entry of judgment.

When a defendant is compelled to proceed with a trial in Illinois in a case in which the issues are not made up by the filing of replications to the pleas, and makes no objection on that ground, the failure to do so is equivalent to consenting that the trial may proceed.

In Illinois the filing by the plaintiff under the statute of that State (2 Starr & Curtis' Stats. 1801) of an affidavit " showing the nature of his demand and the amount due him from the defendant " does not prevent the recovery of a larger sum if a larger sum is claimed by the pleadings and shown to be due by the evidence.

THE case was stated by the court as follows:

Benjamin F. Thompson and Homer Root brought this action of assumpsit against the J. S. Keator Lumber Company for a balance alleged to be due them for cutting and hauling saw-logs, etc. The two main grounds of dispute were: (1) Whether the price for the work was limited by the contract in question to $3 per thousand feet of saw-logs cut and delivered into the boom limits of the Black River, Wisconsin, without *extra* charge, or whether the plaintiffs, in addition to the above price, were entitled to be paid for the driving or delivery of the logs into said boom limits; (2) whether the plaintiffs had

not overcharged the defendant in the scaling and measurement of the logs.

With the declaration was filed an affidavit by plaintiffs under the statute of Illinois, providing that " if the plaintiff in any suit upon a contract expressed or implied for the payment of money, shall file with his declaration an affidavit, showing the nature of his demand and the amount due him from the defendant, after allowing to the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment as in case of default, unless the defendant, or his agent or attorney if the defendant is a resident of the county in which the suit is brought, shall file with his plea an affidavit stating that he verily believes he has a good defence to said suit upon the merits to the whole or a portion of the plaintiff's demand, and if a portion, specifying the amount (according to the best of his knowledge and belief)," etc.   2 Starr & Curtis' Stat. Ill. p. 1801, ¶ 37, § 36.

The defendant filed a plea in abatement, and, subsequently, pleas of non-assumpsit and set-off; the latter being for an amount exceeding that sued for by the plaintiff.   With these pleas the defendant filed an affidavit of merits in conformity with the above statute.

The parties, by written stipulation, waived a jury and agreed that the case be set for trial any day not earlier than March 28, 1888.   Under this stipulation the plaintiffs had it set for trial on the day just named.   The defendant, on that day, requested a postponement of the trial until the arrival of its Wisconsin counsel, who had had sole charge of the preparation of the defence, and also because of the absence of its principal witness.   The court ruled that unless the defendant showed legal grounds for a continuance, the trial should proceed forthwith.   The defendant then entered a motion for continuance based upon affidavit as to what the absent witness would state.   The plaintiffs offering to admit upon the trial that the witness, if present, would testify as set forth in the affidavit, the court overruled the motion for continuance, and held that the trial must proceed forthwith.   To this action of the court the defendant excepted.   Thereupon, the trial was commenced

on the 28th of March, 1888, in the absence of the defendant's Wisconsin counsel, who, however, arrived before the conclusion of the trial, which continued during the 29th and 30th of March. On the last-named day, but before the trial was concluded, the plaintiffs, without notice to the defendant or its attorney, and without obtaining leave from the court, filed with the clerk replications to the defendant's pleas.

·On March 31st, 1888, the court made a general finding of the issues for the plaintiffs, and assessed their damages at $15,568.-99, for which amount judgment was entered against the defendant. To this judgment the defendant excepted on the ground that it was excessive in amount.

*Mr. James K. Edsall* for plaintiff in error submitted on his brief.

*Mr. James O'Neill* for defendant in error. *Mr. John S. Miller* was with him on the brief.

·MR. JUSTICE HARLAN, after stating the case, delivered the opinion of the court.

The principal assignments of error have nothing of substance in them. When the plaintiffs agreed to admit upon the trial that the defendant's absent witness would testify as stated in the affidavit filed for a continuance of the case, and the court thereupon ruled that the trial should proceed, attention was not called to the fact that replications had not been filed to the first and third pleas, and judgment was not asked upon those pleas for want of such replications. Nor did the defendant, before judgment, move for a new trial upon the ground that its first and third pleas were unanswered at the time the trial began. The filing of replications to those pleas, during the progress of the trial, and without leave of the court, was, of course, improper and irregular. But it must be presumed that the fact of their having been so filed was known to the defendant before the trial was concluded, or before the judgment was entered. Besides, the judgment was under the control of the court during the term; and if it had been made to

appear that the defendant was unaware, prior to the entry of judgment, that replications to its first and third pleas were put on file during the progress of the trial, it may be that the court would have set aside the judgment. It appears only that the replications were not on file when the trial commenced, not that their being filed during its progress was unknown to the defendant before the trial was concluded. The defendant was bound to know, when the court ordered the parties to proceed with the trial, that replications had not been filed to its first and third pleas. It should then have asked for a rule upon the plaintiff to file replications. Its failure to do so was equivalent to consenting that the trial, so far as the pleadings were concerned, might be commenced. The objection that replications were not filed when the trial commenced, nor before judgment, with leave of the court, came too late after judgment was entered. In *Kelsey* v. *Lamb*, 21 Illinois, 559, the Supreme Court of Illinois said : "If the defendant has filed his plea, and the other party fails to reply within the time required by the rules of the court, he has a right to judgment by default against the plaintiff, but until he obtains such default, the pleas cannot be considered as confessed by the plaintiff. It is the default which gives the right to consider and act upon the pleas as true. In this case no such default was taken. When the parties submitted the case to trial by the court, without a jury by consent, it had the effect of submitting the case to trial on the pleadings, as if there were proper issues formed, and the court will hear evidence under all the pleas presenting a legal defence, precisely as if the allegations of such pleas had been formally traversed. This is the fair and reasonable construction to be given to such agreements. But it is otherwise, where the party is compelled to proceed to trial, without the issues being formed in the case. There the act is not voluntary, and no such intendment can be made." The defendant here was compelled to proceed with the trial, but no objection was made by it to a trial because the issues were not fully made up. See also *Bunker* v. *Green*, 48 Illinois, 243 ; *Beesley* v. *Hamilton*, 50 Illinois, 88 ; *Barnett* v. *Graff*, 52 Illinois, 170.

. It is objected that the damages awarded to the plaintiffs are excessive in that their affidavit, filed with the declaration, shows the amount claimed, as of August 16, 1887, when the action was commenced, was only $13,943.23, whereas the judgment was for $15,568.99. Allowing interest upon the first-named sum up to the date of the judgment, the damages given exceed the amount claimed in the plaintiffs' affidavit by more than one thousand dollars. But the *ad damnum* was twenty thousand dollars, and the bill of exceptions states that "the plaintiffs also introduced evidence tending to show that the amount now [then] due and owing from the defendant to the plaintiffs for the matters and causes of action aforesaid is $15,568.99." It does not state what this evidence was, nor does it appear that the defendant objected to evidence showing an indebtedness on its part in excess of the sum claimed in the plaintiffs' affidavit. Besides, the affidavit, though no part of the declaration itself, was a statutory pleading, which might have been amended upon such a suggestion. *Healey* v. *Charnley,* 79 Illinois, 592; *McKenzie* v. *Penfield,* 87 Illinois, 38. The only purpose of the affidavit is to entitle a plaintiff to judgment as in case of default unless defendant shall file an affidavit of merits with his pleas, and in case of such default the plaintiff's affidavit may be taken as *prima facie* evidence of the amount due; but even this is discretionary with the court. *Kern* v. *Strasberger,* 71 Illinois, 303. No point was directly made in the court below, either before or after judgment, that the plaintiffs were limited in their recovery to the sum named in their affidavit. An objection of that character, made for the first time in this court, ought not to be entertained.

No other questions presented by the record are of sufficient importance to be considered.

*Judgment affirmed.*