# Richmond.

## Briggs v. Cook.

### March 14, 1901.

Absent, Whittle, J.*

1. PLEADING—*Set-Off—Sec. 3299 of Code—Replication—Jeofails—Nominal Damages.*—By the express terms of section 3300 of the Code, every issue in fact upon a plea of set-off under section 3299 must be upon a general replication that the plea is not true. The statute of jeofails does not apply to the omission to file such replication, and the failure to reply entitles the defendant to nominal damages, but the defendant waives the irregularity by going to trial without it.

2. PLEADING—*Motions—Set-Off Under Code, Sec. 3299—Failure to Reply—Verdict.*—In a proceeding by motion to recover a judgment for money, the defendant pleaded *non-assumpsit* and a special plea of set-off under section 3299 of the Code. Issue was taken on the plea of *non-assumpsit*, but no replication was filed to the special plea, and no evidence offered thereunder. The jury was sworn to try the issues joined. After the verdict for the plaintiff, the defendant moved to set it aside because no issue had been joined on the special plea.

   *Held:* The motion came too late. The defendant had the right to demand a replication, and, having failed to do so, he is deemed to have consented to a trial on the pleadings as they were.

3. APPEAL AND ERROR—*Failure to Give Nominal Damages.*—The failure to give nominal damages, unless it be upon a matter which involves the settlement of a right other than a right to recover damages, is not a ground for reversal.

4. PLEADING—*Motions—Latitude.*—In a proceeding by motion, much greater latitude is allowed in pleading than in common law actions.

*Argued before Judge Whittle qualified.

Error to a judgment of the Court of Law and Chancery for the city of Norfolk, rendered July 28, 1900, in a proceeding by motion for a judgment for money wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Edward R. Baird,* for the plaintiff in error.

*H. A. Brinkley* and *E. C. Irvin,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

W. C. Cook filed a notice in writing that on the 3d day of July, 1900, he would move the Court of Law and Chancery for the city of Norfolk for judgment against George S. Briggs for the sum of $131.86, with interest from the 7th of May, 1900, until paid, which sum he claimed to be due him for timber furnished in accordance with a contract between the parties. The defendant pleaded *non-assumpsit,* to which the plaintiff replied generally, and also filed a special plea in writing in which he claimed that the plaintiff was indebted to him for failure to deliver a large quantity of lumber in accordance with the terms of the contract referred to in the plaintiff's motion, by reason whereof the defendant had a right to recover the amount of $768, for which sum he prays that he might have judgment against the plaintiff in excess of his demand. To this special plea there was no replication, and thereupon came a jury, " who, being sworn the truth to speak upon the issues joined," found a verdict for the plaintiff for $131.86, with interest from May 17, 1900. The defendant moved the court to set aside this verdict and grant him a new trial on the ground that no replication had been filed to his special plea of set-off, and no issue joined thereon; that judgment be entered on his plea of set-off, and in

arrest of judgment, all of which motions the court overruled, and the defendant excepted.

A writ of error having been obtained from one of the judges of this court by the defendant, he assigns as error the rulings upon these several motions. He insists that there can be no trial without an issue joined; that the failure to file a written replication, or in any way to take issue on the special plea of set-off, invalidated the entire proceedings, and that the court should at least have set aside the verdict and awarded a new trial, if it did not, as he claimed it should have done, enter judgment in his favor upon his special plea.

In support of this contention he relies upon the law as stated in 4 Minor (pt. 1), page 715, that the issue in fact upon such a plea as appears in this record is that the plea is not true; and in 1 Bar. Law Prac., at page 478, that " as the *similiter* is proper to be offered to the general issue, so a replication should be filed to a special plea; and to such a plea concluding with a verification there can be no issue without a replication"; but upon this point there is no occasion to cite any authority other than the statute law.

Section 3300 of the Code, referring to the joinder of issue upon special pleas of set-off, declares " that every such issue in fact shall be upon a general replication that the plea is not true."

*Sydnor* v. *Burke & Wife*, 4 Rand., page 161, was an action of *detinue* to recover certain personal property. There was no notice in the record of any plea or issue joined, but it is stated that the jury were sworn to try the issue joined. A verdict was rendered for a portion of the articles claimed in the declaration, and the trial court gave judgment accordingly, but upon a writ of error that judgment was reversed. The court says: "Although the record states that the jury were sworn to try the issue joined, yet, unless, we can look to the plea which was directed to be entered *nunc pro tunc*, at a subsequent term, after the judgment, by way of amendment of the record, there was no plea entered,

nor issue joined, in this cause. Without deciding, therefore,
on any other point made in the cause, the judgment must be
reversed for this error, and the cause remanded for a new trial
to be had."

*Lockbridge* v. *Carlisle*, 6 Rand. 20, was an action of covenant
to which there were several pleas concluding with a verification,
but to the second plea there was no replication. The court in its
opinion said that the demurrer to the declaration should have
been sustained, and judgment given for the defendant, which,
of course, ended the cause; but Judge Cabell does go on to say
that " there was no issue joined on the second plea, there being
no replication. There cannot be a joinder of issue, without a
replication, where the plea concludes with a verification."

*McMillan* v. *Dobbins*, 9 Leigh, page 422, was an action on the
case, and, although it did not appear by the record that the de-
fendant had pleaded at all, the jury were sworn to speak the truth
upon the issue joined. Judge Tucker, referring to this point,
says: " The office judgment which had been rendered at the rules
was never set aside, and the cause stood upon a writ of inquiry
of damages. Yet the jury were sworn to try the issue joined.
This was erroneous. The defendant, by failing to plead, admitted
the plaintiff's right of action. It could no longer be questioned.
The only matter remaining to be ascertained was the *quantum*
of damages; and had the jury been sworn to inquire of damages
only, the court must at once have perceived that no question
could be raised as to the plaintiff's right of action. He had a
right to some damages, however small, and to his costs also. But
by the irregular course of the cause, the defendant, upon the
trial of a supposed issue which never existed, is let into a defence
which he had waived, and that defence being sustained by the
court, judgment is rendered against the plaintiff for his false
clamor, and for costs, while there is in the record a judgment in
the office in his favor against the defendant which has never
been set aside, and is now in full force."

These decisions have been followed in *Petty* v. *Frick & Co.*, 86 Va. 504; and in *Johnson and Wife* v. *Fry*, 88 Va. 697. This, we believe, fully states the case of the plaintiff in error, and the authorities upon which he relies in its support.

To the motion for judgment in this case, as we have seen, the defendant pleaded *non-assumpsit*, and upon that plea issue was joined. The defendant then pleaded a special plea, and thereby is deemed, says the statute (section 3303), " to have brought an action," but he is not in the position held by the plaintiff in *McMillan* v. *Dobbins, supra;* there had been no office judgment in this case. The most that can be said is that, the plaintiff not having taken issue upon the plea, the defendant, without the introduction of evidence, was entitled to nominal damages; but while it is not an important consideration, it may be observed that nominal damages do not under the present statute law of the State carry with them the costs of suit. It would seem from the record that no evidence was introduced in support of this plea; at least no evidence appears. Had the defendant offered testimony in its support, it would doubtless have been received, and its rejection would have been proper ground for an exception, but having tendered his plea, with the full knowledge that it had not been traversed by the plaintiff, he permits the trial to proceed without introduction of evidence in its support, and the jury could not have found any other verdict than that which it rendered. Having taken the chances of a verdict in his favor upon an uncontroverted demand set up by his plea, and having been disappointed in that expectation, he then moved the court to remedy the consequences of his own act, and set aside and annul the verdict of the jury. He had not been injured by the failure of the plaintiff to deny his right of action. That omission, so far as it affected the defendant, placed him in a better position, and he is here asking to have a proceeding reversed for an informality which certainly did not redound to his disadvantage, and if it had any effect whatever

was a benefit to him. Had issue been joined upon his plea, the burden of proof would have been upon him. No issue having been tendered, his right of action was admitted. " It could not longer be questioned. The only matter remaining to be ascertained was the *quantum* of damages." *McMillan* v. *Dobbins,* *supra.*

It is true that the omission here complained of is not within the terms of the statute of jeofails. Had this plea concluded to the country, the omission of the *similiter* would have been within the statute, but inasmuch as issue upon that plea could only be taken by way of replication that " the plea was not true," the statute does not apply.

*Keater Lumber Co* v. *Thompson,* 144 U. S. 434, was an action of *assumpsit,* to which the defendant pleaded *non-assumpsit,* and set-off, the latter being for an amount exceeding that sued for by the plaintiff. The parties by written stipulation waived a jury, and agreed that the case be tried by the court. When the trial began, there had been no replications to the defendant's pleas, but during the progress of the trial the plaintiff, without notice to the defendant or its attorney, and without leave of court, filed with the clerk replications to the pleas. Justice Harlan, delivering the opinion of the court, said: " When the court ruled that the trial should proceed, attention was not called to the fact that replications had not been filed to the first and third pleas, and judgment was not asked upon those pleas for want of such replications. Nor did the defendant, before judgment, move for a new trial upon the ground that its first and third pleas were unanswered at the time the trial began. The filing of replications to those pleas, during the progress of the trial, and without leave of the court, was, of course, improper and irregular. But it must be presumed that the fact of their having been so filed was known to the defendant before the trial was concluded, or before the judgment was entered. Besides, the judgment was under the control of the court during

the term; and if it had been made to appear that the defendant was unaware, prior to the entry of judgment, that replications to its first and third pleas were put on file during the progress of the trial, it may be that the court would have set aside the judgment. It appears only that the replications were not on file when the trial commenced, not that their being filed during its progress was unknown to the defendant before the trial was concluded. The defendant was bound to know, when the court ordered the parties to proceed with the trial, that replications had not been filed to its first and third pleas. It should have asked for a rule upon the plaintiff to file replications. Its failure to do so was equivalent to consenting that the trial, so far as the pleadings were concerned, might be commenced. The objection that replications were not filed when the trial commenced, nor before judgment, with leave of the court, came too late after judgment was entered."

In the case just cited it is true that the cause having been submitted to the court, judgment was entered before the motion was made, but the delinquency of the defendant was as great in this case as in that. He stood by and permitted the trial to proceed, and the verdict to be rendered, ready to avail himself of the situation as it might develop. It is true also that in *Keater* v. *Thompson,* replications had been tendered, but this had been done without the knowledge of the defendant, and without leave of the court. In the case before us, as in that, the defendant should have asked for a rule upon the plaintiff to file replications. Its failure to do so was equivalent to consenting that the trial, so far as the pleadings were concerned, might be commenced. The objection that replications were not filed when the trial commenced, nor before verdict, came too late after the verdict was rendered.

In *Kelsey* v. *Lamb,* 21 Ill. 559, the court said: " If the defendant had filed his plea, and the other party fails to reply within the time required by the rules of the court, he has a

right to judgment by default against the plaintiff, but until he obtains such default the pleas cannot be considered as confessed by the plaintiff. It is the default which gives the right to consider and act upon the pleas as true. In this case no default was taken. When the parties submitted the case to trial by the court, without a jury by consent, it had the effect of submitting the case to trial on the pleadings, as if there were proper issues formed, and the court will hear evidence under all the pleas presenting a legal defence, precisely as if the allegations of such pleas had been formally traversed. This is the fair and reasonable construction to be given to such agreements. But it is otherwise, where the party is compelled to proceed to trial, without the issues being formed in the case. Then the act is voluntary, and no such intendment can be made."

It does not appear in this case that the trial was compulsory. It may be said, however, that it was error not to award nominal damages upon the plea. The failure to give nominal damages unless it be upon a matter which involves the settlement of a right other than a right to recover damages is not a ground for reversal. 8 Amer. & Eng. Enc. of Law (2d ed.), 560, and cases there cited.

The cases heretofore cited upon which the plaintiff in error relies were common-law actions, and the rigor and refinement of common-law pleading were held to apply to them, and while we are not called upon to question the correctness of those decisions, we feel justified in saying that their authority should not be extended. The case before us is a statutory proceeding by motion, in which we have held that a much greater latitude in pleading is permissible than in common-law actions. *Supervisors of Washington County* v. *Dunn*, 27 Gratt. 608; *Preston* v. *Salem Land & Imp. Co.*, 91 Va. 583; and *Hall* v. *Ratliff*, 93 Va. 327.

Following the form of the action in this case, thus emancipating us from the control of the earlier decisions, leaves us free

to follow a more liberal practice in accordance with *Keater Lumber Co.* v. *Thompson,* and *Kelsey* v. *Lamb, supra.*

It might be of some interest to inquire whether the judgment in this case could be pleaded in bar to an action upon a contract, the breach of which is set up in the special plea filed in this cause. Upon that question we express no opinion.

Upon the whole case we are of opinion that the judgment should be affirmed.

*Affirmed.*