Syllabus.

# Richmond.

DEATRICK'S ADMINISTRATOR v. STATE LIFE INSURANCE CO.

November 29, 1907.

Absent, Cardwell, J.

1. PLEADING—*Plea in Abatement—Non-joinder of Issue—When Immaterial.—* Where there has been no formal joinder of issue on a plea, but it appears that the court to which the parties had submitted all matters of law and fact, and the plaintiff and defendant, dealt with the case as though the pleadings had been perfected; and the evidence was introduced and the case argued by counsel, and decided by the court as though the utmost formality in pleading had been observed, the plaintiff is estopped to raise the objection of the want of such joinder in this court for the first time, as it is manifest that no injury has resulted to him from the omission.

2. PLEADING—*Plea to the Jurisdiction—Duplicity.—*To constitute a sufficient plea to the jurisdiction of the court, every ground of jurisdiction enumerated in the statute must be negatived in the plea; and a plea which does this, is not bad for duplicity.

3. PROCESS—*When Sent to Another County.—*Process to commence an action can only issue to another county than that in which the action is brought when some jurisdictional fact exists under section 3214 of the Code.

4. PLEADING—*Venue—Plea to the Jurisdiction—Proof—Immateriality.—*In an action against a foreign corporation to recover a personal judgment against it, but where no attachment is sued out, it is immaterial whether the defendant did or did not have estate due it in the county where the action is brought; and, on trial of a plea to the jurisdiction, the lack of such estate need not be proved.

5. PLEADING—*Plea in Abatement—Better Writ.—*As a general rule, a plea in abatement must show a more proper or sufficient jurisdiction in some other court of the state wherein the action is brought, but this requirement is not available where the plea shows a condition of facts under which no court in the state has jurisdiction.

---

Opinion.

---

6. VENUE—*Foreign Corporation—Doing Business in State*—A foreign corporation may be sued on a transitory cause of action wherever it is doing business in such a manner, and to such an extent, as to warrant the inference that, through its agents, it is present.

7. VENUE—*Foreign Corporations—Service on Statutory Agent.*—Where none of the grounds of jurisdiction enumerated in sections 3214 and 3215 are present, an action against a foreign corporation must be brought where the statutory agent of the corporation resides. It cannot be brought in another county or city, and have process sent to the county or city in which such statutory agent resides.

Error to a judgment of the Circuit Court of Frederick county in an action under the statute for proceeding on insurance policies. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Barton & Boyd,* for the plaintiff in error.

*R. M. Ward,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

Parvin E. Deatrick, of Martinsburg, W. Va., took out a policy of insurance upon his life in the State Life Insurance Company, of Indianapolis, Indiana. Some time after taking out this policy he died in the city of Martinsburg, W. Va., on January 27, 1905. His estate was committed to J. William Taylor, sergeant of the city of Winchester, Virginia, who brought suit upon the policy of insurance and filed his declaration to the second February rules, 1906. To the same rules the defendant appeared and filed three pleas in abatement, to the first of which the plaintiff replied; the replication was sustained, and this plea passed out of the case.

In Plea No. 2, the defendant craved oyer of the writ and the

return of the officer thereof, from which it appears that it was directed to the sheriff of the city of Richmond, and was served by his deputy upon Emmett Seaton, the statutory agent of the defendant company, in the city of Richmond. Thereupon the defendant prayed judgment of said writ and the return thereon, because "it appears from the said writ and the return thereon that the defendant is sued alone and not with any person residing in the county of Frederick; that the writ is directed to the sergeant of the city of Richmond, Virginia, and was by said officer or his deputy, served upon the agent of the defendant corporation within the said city; that at the time the writ was company, incorporated under the laws of the state of Indiana, company, incorporated under the laws of the State of Indiana, and not a resident of the state of Virginia, and that its principal office was and is at Indianapolis, Indiana, in which city its chief officer resides; and that plaintiff's decedent, Parvin E. Deatrick, did not reside in said county of Frederick at the date of the said policy of insurance, but that at the date of said policy, as well as at the date of his death, the said Parvin E. Deatrick resided in Martinsburg, in the county of Berkeley, and the state of West Virginia; that the defendant has no estate or debts due it within the jurisdiction of the court; and that no such affidavit and publication of process as is prescribed by section 3225 of the code of Virginia has been made; and this the defendant is ready to verify. Whereof the defendant prays judgment whether this court can or will take any further cognizance of the action aforesaid, and prays judgment of the said writ and return thereon, and that the same may be quashed."

Plea No. 3, leaving out the formal parts, avers that the defendant "is a life insurance company duly incorporated under the laws of the state of Indiana, and that the said supposed cause of action did not, nor did any part thereof, arise in said county of Frederick, nor elsewhere within the state of Vir-

ginia, nor did the said plaintiff's decedent, Parvin E. Deatrick,
reside in the said county of Frederick at the date of the said
policy of insurance, nor at any time prior to or since said'
date; but that the said supposed cause of action, or some part
thereof (if any such cause there be) did arise either within said
city of Indianapolis, wherein said alleged contract of insurance
was made and effected, or within the county of Berkeley, in the
state of West Virginia, in which said county plaintiff's dece-
dent, Parvin E. Deatrick, did reside at the time the alleged
contract of insurance was made and effected, and wherein the
said insured, Parvin E. Deatrick, resided at the time of his
death, and in the court of which said county and state letters
of administration upon the estate of said decedent were duly
granted prior to the institution of this action, and wherein his
personal representative, so appointed, qualified and has since
resided; and that no court of the state of Virginia has juris-
diction over the said alleged cause of action; and this the de-
fendant is ready to verify. Wherefore he prays judgment
whether this court can or will take any further cognizance of
the action aforesaid."

At the April term, 1906, the plaintiff, by its attorney, moved
the court to reject pleas in abatement Nos. 2 and 3, and at the
same term the following order was entered: "And the court
having heard the argument of counsel upon the motions of the
plaintiff to reject pleas in abatement 2 and 3, doth deny said
motions. Thereupon the plaintiff replied generally to pleas in
abatement 2 and 3, and this case is continued until the next
term of this court for trial of the issues upon the said two
pleas. And the defendant moved the court to quash the writ
and the return thereon; and the court being of opinion that the
same matters of law and fact are presented in the pleas in abate-
ment doth overrule said motion until the court passes upon
said pleas."

And at the June term the following order was entered:

"This day came again the parties by their attorneys, and neither party requiring a jury, but agreeing to submit all matters of law and fact to the court, and the court having fully heard the evidence upon the issues made up at the April term, 1906, of this court, and on the motion to quash the writ, is of the opinion to sustain the pleas in abatement, and the motion to quash the writ in this case; and thereupon, for reasons stated in a written opinion made a part of this record, it is ordered that the said writ be quashed and the action of the plaintiff abated, and that he pay to the defendant its costs in this behalf sustained. To which ruling of the court the plaintiff excepted and tendered his bill of exception, and asks that the same be signed, sealed and enrolled, which is accordingly done."

To this judgment, a writ of error was obtained from this court.

The first error assigned is, that no issue was joined upon the pleas; and, strictly speaking, this seems to be true. There was no formal joinder of issue, but it appears that the court, the plaintiff and the defendant, dealt with the case as though the pleadings had been perfected. The evidence was introduced, and the case argued by counsel, and considered by the court, just as would have been done had the utmost formality in pleading been observed. It is certain, therefore, that the omission caused no injury to the plaintiff.

In *Keator Lumber Co.* v. *Thompson,* 144 U. S. 434, 36 L. Ed. 495, 12 Sup. Ct. 669, Mr. Justice Harlan, delivering the opinion of the court, said: "The objection that replications were not filed when the trial commenced, nor before judgment, with leave of the court, came too late after judgment was entered. The defendant was bound to know, when the court ordered the parties to proceed with the trial, that replications had not been filed to its first and third pleas. It should then have asked for a rule upon the plaintiff to file replications. Its failure to do so was equivalent to consenting that the trial, so far as the plead-

ings were concerned, might be commenced." The opinion cites
with approval *Kelsey* v. *Lamb,* 21 Ill. 559, where the supreme
court of Illinois said: "If the defendant has filed his plea,
and the other party fails to reply within the time required by
the rules of the court, he has a right to judgment by default
against the plaintiff, but until he obtains such default, the
pleas cannot be considered as confessed by the plaintiff. It is
the default which gives the right to consider and act upon the
pleas as true. In this case no default was taken. When the
parties submitted the case to trial by the court, without a jury
by consent, it had the effect of submitting the case to trial on
the pleadings, as if there were proper issues formed, and the
court will hear evidence under all the pleas presenting a legal
defense, precisely as if the allegations of such pleas had been
formally traversed. This is the fair and reasonable construc-
tion to be given to such agreements. But it is otherwise where
the party is compelled to proceed to trial without the issues
being formed in the case. Then the act is not voluntary, and
no such intendment can be made." "The defendant here," con-
tinues Judge Harlan, was compelled to proceed with the trial,
but no objection was made by it to a trial because the issues
were not fully made up."

In *Bartley* v. *McKinney,* 28 Gratt. 750, Judge Moncure
delivered the unanimous opinion of the court, and we quote
from the syllabus of that case as follows: "In an action of
unlawful detainer the defendant appears; but, though the case
is continued for years, he does not file any plea. The cause is
proceeded in precisely as if there was a plea filed—the jury are
sworn to try the issue joined, and the defendant makes full
defense. There having been a verdict and judgment in favor
of the plaintiff, the defendant cannot set up the want of the
plea and issue thereon in the appellate court." Judge Mon-
cure, in the course of his opinion, quotes with approval a pas-
sage from the opinion by Judge Staples in *Southside R. Co.* v.

*Daniel,* 20 Gratt. 344, in which he refers to "the spirit of the modern cases, and the disposition manifested by the courts to disregard mere technical objections, unless there be something omitted so essential to the action or defense that judgment according to law and the very right of the case cannot be given." "This," says Judge Moncure, "strongly applies to this case. But, without considering that question, we are of opinion that there is no error in the judgment on the ground taken in the first assignment of error." To permit a party to make such an objection for the first time in an appellate court, Judge Moncure further declares, would be to allow him to take advantage of his own wrong, for had he made it in the court below, while the cause was pending there, it might, and no doubt would, at once have been removed. In fact the defendant has sustained no injury by what has been done in the court below in that respect; and the case was tried precisely in the same manner and with the same effect as if the plea of not guilty had been put in, and issue thereon had been joined in the case."

In *Briggs v. Cook,* 99 Va. 273, 38 S. E. 148, which was a proceeding upon a motion, issue was joined upon the plea of non-assumpsit, but no replication was filed to a special plea of set-off under section 3299, this court said, that "The statute of jeofails does not apply to the omission to file such replication, and the failure to reply entitles the defendant to nominal damages, but the defendant waives the irregularity by going to trial without it." And in the opinion it is said. that "the defendant should have asked for a rule upon the plaintiff to file replications. Its failure to do so was equivalent to consenting that the trial, so far as the pleadings were concerned, might be commenced."

*Preston v. Salem Improvement Co.,* 91 Va. 583, 22 S. E. 486, was a proceeding by motion under section 3211 of the code. When the case was called in court the defendant declined to plead or tender any issue of fact, claiming the right,

as it was a summary proceeding, to go to trial without any formal pleadings, and to produce orally in the progress of the trial any defenses he might have. The court declined to allow a jury to be sworn until and unless some issue of fact was joined. The parties thereupon submitted the matters of law and fact arising in the case to the determination and judgment of the court, but without waiving the defendant's exception to the refusal of the court to allow a jury. The judgment was for the plaintiff, and the defendant obtained a writ of error from this court and undertook to maintain the proposition that, having refused to plead when called upon to do so, he was entitled to a trial by jury without pleas; and thus made his own delinquency a ground for asking a reversal of the case. In the course of its opinion, the court cites quite a number of authorities to show that a judgment given upon a verdict cannot be sustained where no issue has been joined, and the judgment of the circuit court was affirmed.

In *Norfolk & Western Ry. Co.* v. *Coffey,* 104 Va. 665, 51 S. E. 729, 52 S. E. 367, the court held that in an action at law the statute of jeofails does not cure the nonjoinder, or want of issue altogether, and no verdict or judgment can properly be rendered therein; but from the opinion in that case it appears that "both court and counsel were taken by surprise at the reliance of the defendant on the statute of limitations." After not guilty was pleaded, and the issue upon it was regularly made, the defendant in vacation, filed in the clerk's office the plea of the statute of limitations, upon which no issue was joined, the plaintiff and the court being, as we have seen, in ignorance of its existence. It cannot be doubted that in this case no element of estoppel existed, for there can be no estoppel without knowledge. And so, too, of other cases in which this question has been raised in this court, and which will not be mentioned, because it would needlessly protract this opinion; but we believe that in every case in which the want of issue

has been adjudged a ground for reversal, the facts upon an examination, will be found to be wholly different from the case before us, and that in every case in which the parties were advised of the state of the pleadings and were permitted to present evidence in support of their respective contentions, as though issues had been formally joined, they have been held to be estopped from making the objection after verdict rendered, because in such case, to repeat the language of *Bartley* v. *Mc-Kinney, supra,* "the defendant has sustained no injury by what has been done by the court below in that respect."

Objection is taken to the pleas on the score of duplicity. It is true that a plea in abatement, which sets up two or more distinct and sufficient defenses, either of which, if true, would necessitate a finding in favor of the defendant tendering the plea, is bad for duplicity; but a plea to jurisdiction which fails to negative the several grounds of jurisdiction enumerated in the statute, would be bad for insufficiency. To constitute a sufficient plea, every ground of jurisdiction enumerated in the statute must be negatived in the plea.

Coming, then, to consider the pleas upon their merits, we concur with the learned judge of the circuit court in the view taken by him, that process can only issue to another county when some jurisdictional fact exists under section 3214. Now, in the case before us, adopting the analysis of the circuit court, it appears (1) that the insurance company was the sole defendant, and (2) that the insured did not reside in the county of Frederick at the time of his death, nor at the date of the policy of insurance, nor, indeed, at any period of his existence; to which may be added, that the defendant corporation is a non-resident; that its principal office is in the state of Indiana; and that its chief officer resides in the city of Indianapolis.

The pleas aver that the defendant company has no estate or debts due it within the jurisdiction of the court; and it is assigned as error in the judgment, that there was no proof of this

averment. The only way in which the existence of estate or debts due to the defendant corporation could affect the question of jurisdiction would be under the attachment laws, by virtue of which jurisdiction over the particular subject, but not over the person of the defendant, could be acquired.

Section 2959 provides, in part, that if the defendant or one of the defendants is a foreign corporation or is not a resident of this state, and has estate or debts owing to it within the county or corporation in which the action is, or is sued with a defendant residing therein, or that the defendant, being a non-resident of this state, is entitled to the benefit of any lien, legal or equitable, on property, real or personal, within the county or corporation in which the action is, upon the institution of any action at law accompanied by a proper affidavit, as prescribed in the preceding part of the section, an attachment shall issue. But in the case before us, the proceeding is manifestly not under the attachment law. The object of the suit was not to attach particular property, but to acquire general jurisdiction over the defendant, so as to authorize a personal judgment against it.

In *Guarantee Company* v. *National Bank,* 95 Va. 487, 28 S. E. 912, it is said: "The Guarantee Company being a foreign corporation, the circuit court of the city of Lynchburg could acquire jurisdiction of the suit against it only in some one of three ways: By the cause of action, or some part thereof, having arisen in the said city; by being sued with another who was a resident thereof; or by having estate or debts owing to it within said city." None of which conditions exist in this case.

A further objection to the pleas is, that they do not give the plaintiff a better writ; and it is true, as a general rule, that a plea in abatement must show a more proper or sufficient jurisdiction in some other court of the state wherein the action is brought. But this requirement cannot avail where the plea

shows a condition of facts under which no court in the state has jurisdiction.

We come now to the principal contention of plaintiff in error, as set forth in his petition. "The chief defense set up by the pleas in abatement is that no court in Virginia can entertain jurisdiction of a suit by a non-resident plaintiff on a contract not made in Virginia, against a non-resident corporation, except by attachment of the non-resident's property, even though, as is this case, the defendant be a non-resident insurance company having an agent in this state on whom, under the statute, process could be served. The claim of the plaintiff for jurisdiction, upon which he based his motion to reject the pleas in abatement, rests upon the ground that because no statute of Virginia gives to any particular court in Virginia jurisdiction over a suit against a non-resident corporation in favor of a non-resident plaintiff on a contract made out of the state, that, therefore, under the provisions of the constitution of the United States, art. 4, sec. 2, coupled with the statute requiring such non-resident insurance company as the defendant to have agents within the state upon whom process can be served, that any court of general jurisdiction in Virginia, from which process could be issued and be sent to be served on the statutory agent of such a corporation, has jurisdiction of such a suit."

In support of this proposition *Reeves* v. *Southern Ry. Co.,* 121 Ga. 49 S. E. 674, copiously annotated in 70 L. R. A. 513, is relied upon. That was an action brought in the city court of Atlanta by a plaintiff (whose residence does not appear in the case as reported) against a foreign railroad corporation doing business in the city of Atlanta. The defendant was duly served with process, according to the laws of the state of Georgia. The cause of action was a tort to property in the state of Alabama, consisting of injury to a horse; and the trial court had decided in favor of the railroad company, upon the authority of *Bawknight* v. *Liverpool, L. & G. Ins. Co.,* 55 Ga.

194.   That case was reviewed and overruled, the court holding that "A foreign corporation doing business in the state of Georgia and having agents located therein for this purpose, may be sued and served in the same manner as domestic corporations upon any transitory cause of action, whether originating in this state or otherwise; and it is immaterial whether the plaintiff be a non-resident or a resident of this state, provided the enforcement of the cause of action would not be contrary to the laws and policy of this state."   In the course of its opinion, the court said:   The fact that a corporation has no existence except in legal contemplation, gave rise to the conception that its existence could not be legally recognized outside of the territorial jurisdiction of the law-making power which created it, and that, therefore, it was impossible for a corporation to migrate beyond the bounds of its creator.   This conception resulted in the court's holding that the corporation could not be sued in a jurisdiction foreign to that which gave it existence.   While under this view, as a matter of theory, the corporation did not migrate, yet, as a matter of fact, its officers and agents did; and contracts were made in its name, and wrongs committed by its officers and agents, in territory far remote from that in which it was supposed to have its only legal existence.   Great hardship and inconvenience resulted oftentimes from the application of this rule, which had the effect of compelling those who sought redress for breaches of contract and other legal wrongs against the corporation to bring their actions in the courts of the jurisdiction creating the corporation; the expenses of the remedy in many cases amounting to more than what would have been the fruits of recovery.   The recognition of the hardship resulting from this rule brought about a modification of the rule, to the extent that, where a foreign corporation located an agent and actually transacted business in a foreign jurisdiction, it so far acquired a residence in that jurisdiction as to make it amenable to the processes of

the courts thereof on all causes of action originating within that jurisdiction. The rule was then further modified to the extent that, where the corporation had an agent and was doing business in a foreign jurisdiction, it might be sued upon any transitory cause of action by a citizen of the state in which the corporation was thus doing business. And in this country it followed from this rule that, if a resident was allowed to bring this suit, any citizen of the United States would, under the constitution of the United States, have a similar right to bring suit."

In *Green* v. *C. B. & Q. Ry. Co.,* 205 U .S. 530, 51 L. Ed. 916, 27 Sup. Ct. 595, it was held that, "While in case of diverse citizenship the suit may be brought in the circuit court for the district of the residence of either party, there must be service within the district; and if the defendant is a non-resident corporation, service can only be made upon it if it is doing business in that district in such manner, and to such an extent, as to warrant the inference that it is present there through its agent. A railroad company which has no tracks within the district, is not doing business therein, in the sense that liability for service is incurred because it hires an office and employs an agent for the merely incidental business of solicitation of freight and passenger traffic."

With the doctrine of these cases we concur, that a corporation may be sued upon a transitory cause of action wherever it is doing business in such a manner and to such an extent as to warrant the inference that, through its agents, it is there present. We further agree (though it is not necessary, perhaps, to decide it in this case), that by virtue of the constitution of the United States, Art. 4, sec. 2, any citizen of the United States would have a similar right to bring suit.

It is to be observed that in *Reeves* v. *Southern Ry. Co., supra,* process was served upon the defendant in accordance with the laws of the state of Georgia, and the service was upon

the agent in the district in which the corporation of which he was the agent was doing business, and doing business of such a character as to warrant the inference that through its agent it was there present.

It seems that service upon the statutory agent of a foreign insurance company is valid only so long as such company continues to do business in this state, and that when such a company ceases to do business in this state, it is no longer amenable to the jurisdiction of its courts.    See *Millan* v. *Mut. Reserve Fund L. Asso.,* 103 Fed. 764, and numerous cases there cited. But it is unnecessary to decide that point in this case, for if all that is claimed by plaintiff in error with respect to the validity of the service upon the statutory agent be true, yet where none of the grounds of jurisdiction enumerated in sections 3214 and 3215 are present, the suit must be brought in the city of Richmond, where the statutory agent resides; and process cannot be sent, as was done in this case, from the city of Winchester to be served in the city of Richmond, where the insurance company is the sole defendant, and is not sued along with a resident defendant, or upon a policy of insurance issued upon the life of a person residing, either at the date of his death or at the date of the policy, in the county of Frederick.    See *Warren* v. *Saunders,* 27 Gratt. 259.

We are of opinion that the judgment should be affirmed.

*Affirmed.*