## EMIG *v.* BAKER.

---

EQUITY; PLEADING.

1. Where in a suit in equity the plaintiffs aver in their bill of complaint that a bill of sale of a chattel given by the defendant to the plain-

tiffs' intestate was in fact a chattel mortgage to secure a debt due by him to their intestate, and ask that it be so declared, and for the sale of the chattel to pay the debt, and defendant admits in his answer part of the debt to be due, and does not deny that the bill of sale was in fact intended as a mortgage, but merely demands strict proof of the material averments of the bill, the pleadings, together with evidence by the plaintiff identifying the bill of sale and the notes evidencing the debt, will support a decree in favor of the plaintiff granting the relief asked.

2. Where in an answer to a bill of complaint praying, among other things, for the establishment of an indebtedness due from the defendant, the defendant avers that part of the alleged indebtedness was usurious, and claims credit for the usury paid, the failure of the plaintiff to reply to such averment of the answer is not an admission by the plaintiff of its truth, that will dispense with the necessity of the defendant's proving its truth on the trial.

No. 2828.   Submitted December 6, 1915.   Decided January 3, 1916.

HEARING on an appeal by the defendant from a decree of the Supreme Court of the District of Columbia, granting the relief prayed for in a suit to establish a debt and to declare an absolute deed to be a chattel mortgage.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a decree of the supreme court of the District of Columbia in equity awarding a judgment against appellant, Clayton E. Emig, defendant below, for $600, declaring a bill of sale, absolute in form, intended to operate as a chattel mortgage, directing a foreclosure of the same, appointing trustees to sell, and requiring the defendant to deliver the goods described in the instrument to the trustees, and out of the proceeds of the sale to pay said indebtedness, with a personal decree against defendant for any unsatisfied balance, and execution as at law.

It is averred in the bill that on November 7, 1911, defendant borrowed from plaintiffs' decedent $600, for which, on February 5, 1912, he executed a promissory note, and gave as security for the payment thereof a bill of sale of "a certain

painting called 'Pan and the Peasants;' that the said bill of sale was in fact merely a chattel mortgage upon the said painting, and intended by the parties to the transaction to be such; that the said Emig was permitted to retain possession of the said painting, and now has possession of the same, although the said bill of sale recites a delivery thereof to the said Henry M. Baker; " that the money has not been repaid, and that there was a balance due of $600. It is also averred that, on November 8, 1911, defendant gave plaintiffs' decedent a note for $50, which has not been paid. Plaintiffs pray for a writ of subpœna, a decree of foreclosure, an order of sale of the painting to satisfy said indebtedness, an injunction restraining defendant from disposing of the painting or removing it from his residence, and "for such other and further relief as may be proper."

Defendant answered, neither admitting nor denying the material averments of the bill, but calling for strict proof thereof. He then alleges "that for some time prior to the 5th day of February, 1912, he, with the consent and co-operation of the decedent, effected a sale of the painting mentioned in said bill. He admits the execution of the note for $50, dated November 8th, 1911, but says that said note was a part of the sum of $150 this defendant was required to pay for the use of $500 for a period of ninety days. This defendant asks credit of said sum of $150 against any sum the plaintiff may establish to be due and owing the plaintiff from the defendant."

The notary before whom the bill of sale was acknowledged was called to prove its execution by defendant. He also identified the notes offered as exhibits by plaintiff, "saying that the signature of the maker appeared to him to be the same as the signature of the grantor in the bill," but "that he did not see the notes signed by the defendant, or delivered." On this evidence plaintiffs closed their case, whereupon "defendant moved that the bill be dismissed on the ground that plaintiffs had not proved that the bill of sale in question was to be considered by either party to it a mortgage, and that the plaintiffs had failed to make out a case." The court denied the motion,

and, defendant electing to stand on the record, a decree was entered for plaintiffs.

*Mr. M. E. O'Brien* for the appellant.

*Mr. F. H. Stephens* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is well within the jurisdiction of a court of equity, upon proper proof, to decree a bill of sale, though an absolute conveyance on its face, to be a chattel mortgage. That the bill of sale in this case was so intended is set forth in the bill, and conceded by the answer. Defendant does not specifically deny the giving of the notes, admits the $50 note, and admits an indebtedness of $500. These admissions are in answer to the averments of the bill that to secure this indebtedness the bill of sale was given as security. The averments which are neither admitted nor denied, and of which defendant demands "strict proof," except as to the averment that the bill of sale was intended to operate as a chattel mortgage, are substantially admitted in the answer. This averment is a conclusion to be drawn from the facts disclosed by the bill, answer, and proof. The proof only related to identification of the bill of sale. This, with the uncontested facts disclosed in the pleadings, fully supports the decree.

Defendant assigns error in that the court failed to give credit for the $150 set up in the answer as usury. No replication to this averment of the answer was filed, and defendant urges that the failure to reply was an admission of its truth and relieved him of adducing proof in support of it. In the absence of default being taken at the proper stage in the trial, the failure to reply is not such an admission of an affirmative defense as will dispense with proof. It was the duty of defendant, in default of a reply,—if, indeed, a reply was necessary,—to ask for a rule on plaintiffs requiring them to reply, or to take a default, or to offer proof in support of his affirmative defense. *J. S.*

*Keator Lumber Co.* v. *Thompson,* 144 U. S. 434, 36 L. ed. 495, 12 Sup. Ct. Rep. 669; 31 Cyc. 266. Not only was no proof offered by defendant in support of his averments, but the failure to reply was not mentioned as a ground in the motion for dismissal when the taking of testimony was concluded. The matter was not brought to the attention of the trial court, and it is too late to present the question initially on appeal.

The decree is affirmed, with costs.                    *Affirmed.*

A motion for a rehearing was overruled January 22, 1916.