Syllabus.

# Wytheville.

## Joseph A. Morgan, Howard H. Morgan and Monroe H. Adams, Trading as J. A. Morgan & Sons v. Pennsylvania Railroad Company.

### June 16, 1927.

### Absent, Prentis, P.

1. ABATEMENT, REVIVAL AND SURVIVAL—*Plea to the Jurisdiction Negativing Every Ground of Jurisdiction.*—A plea to the jurisdiction of the court is fatally defective if it does not negative every ground of jurisdiction named in the statute.

2. JURISDICTION—*Potential Jurisdiction—Active Jurisdiction.*—Under section 5890 of the Code of 1919, the circuit courts have "original and general jurisdiction of all cases in chancery and civil cases at law, * * *." This is "potential" jurisdiction, which, after valid service of process on the parties, gives the court "active" jurisdiction and empowers it to hear the case and enter a valid judgment therein.

3. JURISDICTION—*Venue—Section 6049 of the Code of 1919 does not Confer Jurisdiction but Fixes Venue—Defendant may Waive Privilege.*—Section 6049 of the Code of 1919, providing for the county or corporation in which actions at law or suits in equity may be brought, does not confer jurisdiction on the court, but simply fixes the venue by giving the defendant the privilege of having his case heard in a particular county or city; and this privilege may be waived by him.

4. VENUE—*Privilege of Defendant—Defendant Claiming Privilege Within the Time and Manner Prescribed by Section 6105 of the Code of 1919.*— Section 6049 of the Code of 1919 gives the defendant the privilege of having his case heard in a particular county or city but defendant must claim this privilege within the time and in the manner prescribed by section 6105 of the Code of 1919, which provides that no exception for want of jurisdiction shall be allowed unless it be taken by plea in abatement and that no such plea or any other plea in abatement shall be received after the defendant has demurred, pleaded in bar or answered to the declaration or bill, nor after the

declaration or bill is filed, or the privilege will be lost if the court has general jurisdiction of such actions and has the subject matter and proper parties before it.

5. Jurisdiction—*Circuit Court—Coextensive with Bounds of the State.*—Where the proper parties are before a circuit court its territorial jurisdiction over persons and property is coextensive with the bounds of the whole State.

6. Judicial Notice—*Railroads—Pennsylvania Railroad.*—The Supreme Court of Appeals will take judicial notice of the fact that the defendant, the Pennsylvania Railroad Company, operates a railroad, as a common carrier, in the State of Virginia, upon tracks extending through Accomac and Northampton counties, and thence from Cape Charles in Northampton county, upon a barge ferry into the city of Norfolk, where it owns property and conducts its business as such carrier.

7. Foreign Corporations—*Railroads—Transitory Actions—Jurisdiction.*—Defendant, the Pennsylvania Railroad, a foreign corporation, having located its agents in the city of Norfolk and being engaged in the execution of its business in that city, has become a resident of this State for the purpose of suit, and can be sued upon a transitory cause of action by a citizen of this State and likewise by any resident of the United States, since the Federal Constitution requires each State to grant to the citizens of other States the same right to sue in its courts as that enjoyed by its own citizens.

8. Appearance—*Service of Process—Waiver of Defects—Effect of General Appearance.*—Defendant, the Pennsylvania Railroad, a foreign corporation, having made a general appearance and plead the general issue, waived all defects if any, in the service of process and submitted itself to the jurisdiction of the trial court.

9. Abatement, Revival and Survival—*Second Plea to the Jurisdiction—Section 6105 of the Code of 1919.*—Where the declaration showed on its face proper matter for the jurisdiction of the trial court and that court having properly rejected the first plea in abatement to the jurisdiction of the court, a second plea to the jurisdiction which was not presented until after the defendant had demurred and plead the general issue came too late, under section 6105 of the Code of 1919.

Error to a judgment of the Circuit Court of the city of Norfolk, in an action of trespass on the case.  Judgment for defendant.  Plaintiff assigns error.

*Reversed and remanded.*

The opinion states the case.

*Louis S. Sacks*, and *Jas. E. Heath*, for the plaintiff in error.

*Willcox, Cooke & Willcox*, for the defendant in error.

West, J., delivered the opinion of the court.

J. A. Morgan & Sons, nonresidents of the State of Virginia, hereafter called plaintiffs, brought action in the Circuit Court of the city of Norfolk, Virginia, against Pennsylvania Railroad Company, a corporation, hereafter called defendant, to recover for negligent damage to a carload of strawberries, in transporting them from Seaford, Delaware, to Jersey City, New Jersey.

The declaration was filed at second September rules, 1924. At first October rules, 1924, defendant appeared and filed a plea in abatement to the jurisdiction of the court, as follows:

"And the said defendant, the Pennsylvania Railroad Company, a foreign corporation, in its own proper person comes and says that this court ought not' to have or take any further cognizance of the action aforesaid of the said plaintiff because the said defendant, the Pennsylvania Railroad Company, says that the supposed cause of the said action did not, nor did any part thereof, arise in the city of Norfolk, Virginia, but that the supposed cause of the said action and every part thereof, did arise beyond the State of Virginia, and within the State of Delaware, and that at the time of the issuing of the said writ in this cause the said defendant, the Pennsylvania Railroad Company did not reside in the city of Norfolk, Virginia, nor did it have its principal office in said city of Norfolk, nor

in the State of Virginia; and this the defendant, the Pennsylvania Railroad Company, is ready to verify."

On December 3, 1924, on motion of plaintiffs and after argument, the court rejected the foregoing plea, and the defendant excepted. The defendant then plead the general issue, to which plaintiffs replied generally, and the case was continued. On October 12, 1925, the defendant filed another plea to the jurisdiction of the court, as follows:

"The defendant, the Pennsylvania Railroad Company, comes and says that this court ought not to have or take further cognizance of the plaintiffs' supposed cause of action against it, because at the time of the grievance complained of—

"1. It was and still is a foreign corporation, organized and existing under the laws of the State of Pennsylvania, although it leases estate and has an office in the city of Norfolk, and is there engaged in both interstate and intrastate commerce.

"2. It was and still is engaged in interstate commerce and the shipment which is the basis of this action was an interstate shipment.

"3. The plaintiffs, at the time of the shipment complained of were, have been ever since, and now are, nonresidents of the State of Virginia.

"4. No part of the cause of action arose in the city of Norfolk or in the State of Virginia.

"5. Section 6049 of the Code of Virginia, insofar as it attempts to give jurisdiction to this court in this cause, which cause is imported litigation, is invalid and unconstitutional.

"6. To force it to defend this litigation in this court imposes a burden on interstate commerce.

"7. This defendant has pleaded in this cause but only did so after a plea in abatement to the jurisdiction,

formerly filed, was overruled. The declaration in this cause does not show a good cause of action, and therefore this case does not fall within section 6105 of the Code of Virginia. The question here raised being one of jurisdiction of the subject matter, this defendant is entitled to file said plea now or at any time before final judgment. And this it is ready to verify."

On December 4, 1925, plaintiffs moved the court to reject the second plea to the jurisdiction, which motion the court overruled, and the plaintiffs excepted.

The plaintiffs then demurred to the plea, in which demurrer the defendant joined. The court overruled the demurrer and sustained the plea and plaintiffs excepted. Thereupon the plaintiffs declined to reply further to the plea and elected to stand on the demurrer; and the court ordered the action dismissed at the cost of the plaintiffs, to which plaintiffs excepted.

Plaintiffs rely upon two assignments of error:

(1) "That the second plea to the jurisdiction came too late;

(2) "That the plea was bad regardless of the time it was filed and that the plaintiffs' demurrer to said special plea should have been sustained."

(a) Was the second plea filed too late?

[1] It is conceded that the first plea to the jurisdiction of the court is fatally defective because it does not negative every ground of jurisdiction named in the statute. *Deatrick* v. *State Life Ins. Co.,* 107 Va. 611, 59 S. E. 489; *Seaboard Air Line Ry. Co.* v. *Bowden & Co.,* 144 Va. 154, 131 S. E. 245.

Code, section 6049, provides that actions at law and suits in equity, except where it is otherwise specifically provided, may be brought in any county, or corporation—

"First, wherein the defendants may reside.

"Second, if a corporation be defendant, wherein its principal office is, or wherein its mayor, rector, president, or other chief officer resides.

"Third, *   *   *

"Fourth, *   *   * or if it be against a foreign corporation, wherein its statutory agent resides, or it has any estate or debts owing to it within this State; or if it be against a defendant who resides without the State wherein it may be found and served with process, or may have estate or debts due him."

Code, section 6105, provides: "Where the declaration or bill shows on its face proper matter for the jurisdiction of the court, no exception for want of such jurisdiction shall be allowed unless it be taken by plea in abatement. No such plea or any other plea in abatement shall be received after the defendant has demurred, pleaded in bar or answered to the declaration or bill, nor after the declaration or bill is filed."

[2] Under Code, section 5890, the circuit courts have "original and general jurisdiction of all cases in chancery and civil cases at law, *   *   *."

This is "potential" jurisdiction, which, after valid service of process on the parties, gives the court "active" jurisdiction and empowers it to hear the case and enter a valid judgment therein. Lile's Eq. Pl. & Pr. (2d ed.), sections 8-15; *Sou., etc., Co.* v. *Massaponax Corp.*, 145 Va. 323, 133 S. E. 812.

[3, 4] Section 6049 does not confer jurisdiction on the court, but simply fixes the venue by giving the defendant the privilege of having his case heard in a particular county or city; and this privilege may be waived by him. He must claim it, within the time and in the manner prescribed by section 6105, *supra*, or it will be lost, if the court has general jurisdiction of

such actions and has the subject matter and proper parties before it.

[5] In *Moore* v. *N. & W. Ry. Co.*, 124 Va. 635, 98 S. E. 637, Judge Sims, speaking for the court, referring to section 6105, said: "The proper matter for the jurisdiction of the court * * has reference to subject matter over which the court has territorial jurisdiction, and the 'jurisdiction' referred to is the territorial jurisdiction of the court over such subject matter, which jurisdiction involves the venue of the suit or action. That is to say, where the proper parties are before a circuit court * * * its territorial jurisdiction over persons and property is coextensive with the bounds of the whole State."

[6, 7] This court will take judicial notice of the fact that the defendant operates a railroad, as a common carrier, in the State of Virginia, upon tracks extending through Accomac and Northampton counties, and thence from Cape Charles in Northampton county, upon a barge ferry into the city of Norfolk, where it owns property and conducts its business as such carrier. Although the defendant is a foreign corporation, chartered under the laws of the State of Pennsylvania, having located its agents and being engaged in the execution of its business in the city of Norfolk, it has become a resident of this State for the purpose of suit, and can be sued upon a transitory cause of action by a citizen of this State and likewise by any resident of the United States, since the Federal Constitution (Article 4, section 2) requires each State to grant to the citizens of other States the same right to sue in its courts as that enjoyed by its own citizens. U. S. Const., Art. 4, section 2; *Barrow Steamship Company* v. *Kane*, 170 U. S. 100, 18 S. Ct. 526, 42 L. Ed. 964; *Harris* v. *Balk*,

198 U. S. 215, 25 S. Ct. 625, 49 L. Ed. 1023, 3 Ann. Cas. 1084.

In *Green* v. *C., B. & Q. Ry. Co.,* 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916, this is said: "* * * and if the defendant is a nonresident corporation, service can only be made upon it if it is doing business in that disstrict in such manner and to such an extent as to warrant the inference that it is present there through its agent. * *"

In *Deatrick* v. *State Life Ins. Co.*, 107 Va. 614, 59 S. E. 493, Judge Keith, speaking for the court, says: "* * a corporation may be sued upon a transitory cause of action wherever it is doing business in such a manner and to such an extent as to warrant the inference that, through its agents it is there present." "We further agree * * * that by virtue of the Constitution of the United States, Art. 4, section 2, any citizen of the United States would have a similar right to bring suit."

In *Reeves* v. *Southern Ry. Co.*, 121 Ga. 561, 49 S. E. 674, 70 L. R. A. 513, 2 Ann. Cas. 207, the Georgia court held that "a foreign corporation doing business in the State of Georgia and having agents located therein for this purpose, may be sued and served in the same manner as domestic corporations upon any transitory cause of action, whether originating in this State or otherwise; and it is immaterial whether the plaintiff be a nonresident or a resident of the State, provided the enforcement of the cause of action would not be contrary to the laws and policy of this State."

Judge Keith approved the doctrine of the Georgia court in the *Deatrick Case, supra.*

Judge Riely, speaking for the court, in *Guarantee Co.* v. *National Bank*, 95 Va. 485, 28 S. E. 911, says: "A foreign corporation, for the purpose of suit, may

become a resident of each State in which it does business, under the laws thereof."

In *S. A. L. Ry. Co.* v. *Bowden & Co.*, 144 Va. 154, 131 S. E. 245, this court held, in an opinion by Judge Campbell, that "the Pennsylvania Railroad Company, as stated, is engaged in interstate commerce and operates a part of its road in this State. It owns permanent real property in this State—depots and its right of way—as well as personal property, such as cars. It has become a resident of this State for the purpose of suit, and personal judgments may be rendered against it after due service of process. It is so far a resident in the counties or cities in which it so operates its road that it is within the purview of section 6049 of the Code, fixing the venue of actions and suits, and may there be sued alone or in conjunction with others, natural or artificial, residing elsewhere in the State."

[8] Having made a general appearance and plead the general issue, the defendant has waived all defects, if any, in the service of process and submitted itself to the jurisdiction of the Circuit Court of the city of Norfolk.

[9] The declaration showing on its face proper matter for the jurisdiction of the court, and the court having properly rejected the first plea in abatement to the jurisdiction of the court, the second plea to the jurisdiction, which was not presented until after the defendant had demurred and plead the general issue, came too late.

We need not consider the second plea further.

Nothing in this opinion shall be construed to in any way affect the rights of the parties under that plea if the same had been filed within the time prescribed by law.

The judgment will be reversed and the case remanded to the circuit court with instructions to reinstate the same upon the docket, and permit the parties to go to trial upon the issues joined before the second plea was presented.

*Reversed and remanded.*